## JAMES J. CAHILL *vs.* THE ROYAL INSURANCE COMPANY, LIMITED.

First Judicial District, Hartford, October Term, 1919.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CURTIS, JS.

An insurance company which has actually received and elected to act upon an oral notice of loss given to its local agent, instead of the written notice to the company or its general agents as required by the terms of the policy, will be held to have ratified the unauthorized act of its local agent, and to have waived its right to insist upon a written notice.

The same rule or principle applies to a statement of loss which is defective merely because not sworn to. Here, also, if the company remains silent respecting the defect and continues to treat the claim as one properly before it for investigation and settlement and thereby induces the claimant to refrain from amending the statement or making a new one until it is too late to do so, its conduct will estop it from thereafter objecting to the original proofs of loss upon that ground.

A misstatement in the proofs of loss, though made under oath, will not defeat a recovery unless designedly false and made with intent to defraud, or unless there is an express provision in the policy that the misstatement shall have that effect.

In the present case the plaintiff's tobacco had been insured by the defendant against injury from hail, and unsworn proofs of loss filed by the plaintiff July 21st stated that the damaged tobacco was worth no more than twenty cents per pound. This estimate was apparently entirely fair and reasonable when made, a week after the hail storm. Before September 21st, when the plaintiff filed a duplicate of his original proofs of loss duly sworn to, he had sold the damaged tobacco, owing to an extraordinary demand, some for thirty-five and some for thirty-seven cents a pound. *Held* that the repetition of the original estimate as to market value after the tobacco had been sold for a higher price, was not necessarily and as matter of law fraudulent; that the jury might reasonably have found, as their verdict clearly indicated, that the second statement of loss was merely a belated attempt of the plaintiff to comply with the letter of his policy by substituting a sworn copy of the proofs of loss for the unsworn original which was already in the defendant's possession.

Argued October 8th—decided December 22d, 1919.

ACTION to recover a loss under a policy insuring the plaintiff's tobacco against injury from hail, brought to the Superior Court in Hartford County and tried to the jury before *Case, J.;* verdict and judgment for the plaintiff for $1,785, and appeal by the defendant. *No error.*

On June 6th, 1917, the defendant executed and delivered to the plaintiff a policy insuring the plaintiff against all direct and actual damage by hail to twenty-eight and one half acres of tobacco plants while growing on the land owned or leased by him. The conditions annexed to the policy provided that all liability thereunder should cease unless the insured should give written notice to the Company, or to Wakefield, Morley & Company its general agents, of any loss within forty-eight hours thereof, and within sixty days thereafter render to the Company a sworn statement covering a number of specifically enumerated facts, together with an estimate, in the case of partial loss, of the alleged depreciation in market value caused by the hail.

Plaintiff claimed and offered evidence to prove the following facts: On July 14th, 1917, the tobacco was damaged by hail. Within forty-eight hours thereafter plaintiff notified, by telephone, one Gilligan, a local agent of the defendant Company, of the loss, and the agent promised to take care of the matter at once. Within a week the defendant sent two of its adjusters who looked over the tobacco and viewed the damage, and thereafter sent other inspectors and adjusters who inspected the tobacco, both in the field and after it was cut and in the shed. Before sixty days after the loss plaintiff rendered, through his attorney, an unsworn detailed statement of all the particulars required by the policy, supplemented by an identical sworn statement rendered shortly after the sixty days had expired.

Defendant claimed and offered evidence to prove that the plaintiff suffered no damage under the policy, and that any liability of the defendant under the policy had ceased and determined on account of the plaintiff's failure to file a sworn statement of loss within sixty days; that there was no waiver of any of the provisions of the policy; that the attempted proof of loss was false and fraudulent; and that the premium had never been paid.

Defendant appeals from the refusal of the trial court to set aside the verdict in favor of the plaintiff, and for alleged errors in the charge.

*William F. Henney,* for the appellant (defendant).

*Hugh M. Alcorn* and *Richard H. Deming,* for the appellee (plaintiff).

BEACH, J. The verdict determines all the disputed issues of fact for the plaintiff, upon evidence sufficient to warrant such findings, and the appeal from the refusal to set aside the verdict raises the question whether, taking the whole evidence in the light most favorable to the plaintiff's contentions of fact, the conditions of the policy as to notice of loss, proof of loss and as to fraud, misrepresentations and concealments of matters relating to the insurance, have been complied with or waived.

The condition as to notice of loss is, that within forty-eight hours the insured shall give written notice to the Company or to Wakefield, Morley & Company. The oral notice to Gilligan, the local agent, coupled with Gilligan's promise to take care of the matter, did not of itself bind the defendant, for the notice was not in writing, and Gilligan, though the agent of the defendant for certain purposes, was not authorized to

receive notice of loss on its behalf.  But the evidence warrants the conclusion that the notice to Gilligan was actually received by the defendant, because it appears that the defendant acted upon it by sending its inspectors and adjusters to ascertain the existence and amounts of the alleged loss, and by offering, through one of its representatives, whose authority was not denied, to settle for an amount which the plaintiff refused to accept.  That being so, the defendant has had all the benefit of a strict performance of the condition, and by electing to act on an oral notice given to an agent not authorized to accept it, the defendant has waived the right to a written notice and has also ratified Gilligan's unauthorized acceptance of notice.  4 Cooley, Briefs on Insurance, 3526 *et seq.* and cases cited.

The conditions of the policy also require that within sixty days after the loss the insured shall render to the Company a sworn statement in writing specifying the acreage of tobacco injured, and a number of other enumerated items of information, together with an estimate, in case of partial loss, of the depreciation in market value caused by the hail.  The loss occurred on July 14th, 1917, and the plaintiff, through his attorney, rendered to the general agents of the defendant on July 20th a written statement covering all the items required by the policy.  This attempted proof of loss was received by Messrs. Wakefield, Morley & Company on July 21st, and it complied with all the terms of the policy except that it was not a sworn statement.  On September 21st the plaintiff made a belated attempt to remedy this defect by rendering a sworn copy of the original proofs, which defendant rejected and returned on October 5th.  It thus appears that proofs of loss, defective only because unverified, were in the hands of the defendant or of its general agents

from July 21st until the time for filing proofs of loss expired on September 14th, without any objection being made thereto for a lack of verification.

This brings the case within the rule laid down in *Lockwood* v. *Middlesex Mutual Assur. Co.*, 47 Conn. 553. One of the conditions of the policy sued on in that case was that the proof of loss should be supplemented by the certificate of a magistrate in a certain form. The certificate was defective in form, and after observing that the defect was not so substantial that it ought to be a defense, we said (p. 566): "But there is another reason why this defense ought not to prevail. The affidavit came into the hands of the defendants on the second day of March, and no objection to this omission was made then or at any time before the suit was brought in August following. Had the objection been made and the defect pointed out, as we think it should have been, the defect would have been remedied. Failing to make the objection in due season we must consider that they accepted the certificate as a satisfactory compliance with the contract." This rule, that the receipt and retention of timely notice or proofs of loss without objecting to any defects therein until it is too late to correct them, amounts to a waiver of the objection or at least to an acquiescence by silence in the sufficiency of the notice or proofs, is entirely fair and reasonable, and seems to be very generally received. See 4 Cooley, Briefs on Insurance, 3544 *et seq.*, and cases cited. In such cases the insurance company must be supposed, intentionally or inadvertently, to have accepted the proofs as sufficient.

In this case the manifest inequity of permitting the defendant to withhold its objections to the proof of loss until after it is too late to correct any defects therein, is aggravated by the fact that after the defendant

was chargeable with knowledge that the proof of loss was not verified, its inspectors and adjusters continued to investigate the extent of the loss, and finally offered to settle. This conduct of the defendant in continuing to recognize the claim as one which was properly before it for investigation and settlement, coupled with silence until it was too late to correct the defect now relied upon, and supplemented by the finding that the plaintiff claimed to have proved that he relied upon this course of conduct and was led thereby to believe that no further proof of loss would be required, is sufficient to estop the defendant from objecting to the original proof of loss on the ground that it was not verified.

The claim that the proof of loss is false and fraudulent, requires some explanation. As already stated, two identical statements of loss were rendered, one of which was dated July 20th, and the other September 21st, 1917. Each contained a claim that the damaged tobacco was worth not more than twenty cents a pound. There is nothing to show that this estimate was not entirely fair and reasonable at the time it was made on July 20th. But before September 21st, when a sworn duplicate of the original proof of loss was attempted to be rendered, the plaintiff had taken advantage of an extraordinary demand, and sold the damaged tobacco for thirty-five and thirty-seven cents a pound. On this record the only question which is open is whether the repetition of the original estimate as to market value after the tobacco had been sold for a higher price, was so manifestly fraudulent as to make the verdict erroneous in law. There is no express provision of the policy that a false statement in the proofs of loss will defeat any recovery, and in the absence of such a provision the general rule is that misstatements in the proof of loss, though made under oath, will not

defeat a recovery unless intentionally false and made with a purpose to defraud. 19 Cyc. 855, and cases cited.

In this case the proof of loss contains no misstatements. The charge of fraud is based upon another paper which the defendant, acting within its rights under the policy, refused to accept as a proof of loss, and which thereupon became a mere informal collection of representations and estimates not relied on or acted upon by the defendant, so far as appears. Nevertheless, the finding is that the issue of fraud was submitted to the jury, although there is nothing in the charge of the court to indicate that such was the fact. Assuming, as we must, that the finding is correct, the verdict clearly shows that the jury must have found, and they might reasonably have found, that the paper dated September 21st was not made with intent to defraud, but was merely a belated attempt on the part of the plaintiff to comply with the letter of the policy by substituting a sworn copy of the proof of loss for the unverified original which was already in defendant's possession.

The fact that the premium had not been paid at the time of the loss is no defense, because there is no provision in the policy that it shall not take effect until the premium is paid, and no intimation that the agents of the defendant are required to receive payment of the premium before delivery of the policy.

The remaining question is whether the court erred in charging the jury that the plaintiff might recover for loss in the weight of the tobacco directly caused by hail. Defendant's claim is that the proof of loss is based solely on the depreciation in market value per pound, and does not allege any damage by shrinkage in the total weight of the crop; also that the plaintiff is bound by the statements of claim made in the proof of loss and cannot recover for any loss not claimed therein.

We find no authority for this last proposition of law when applied to a case where the proof of loss conforms to the requirements of the policy. The policy in this case required the plaintiff to state his claim as to depreciation in market value, and the plaintiff stated it; but the policy did not require him to state his claim, if any, for loss in weight, although loss in weight directly due to hail is plainly covered by the policy. The accepted rule is that statements as to the amount and circumstances of the loss are not binding on the insured so as to prevent him from recovering his actual loss, unless the policy so provides. 19 Cyc. 854; 5 Joyce on Insurance, § 3319; 4 Cooley, Briefs on Insurance, 3435; 44 L. R. A. 856.

There is no error.

In this opinion the other judges concurred.