41 P.(2d) 519

## KRISBERG v. INTER-OCEAN CASUALTY CO.

### No. 3973.

Supreme Court of New Mexico.

Feb. 11, 1935.

Rehearing Denied March 9, 1935.

R. H. Hanna, Fred E. Wilson and William A. Brophy, all of Albuquerque, for appellant.

A. T. Hannett, of Albuquerque, for appellee.

SADLER, Chief Justice.

Inter-Ocean Casualty Company, an Indiana corporation, as appellant seeks the review of a judgment of the district court of Bernalillo county, entered upon the verdict of a jury theretofore returned against appellant in favor of Sarah L. Krisberg, the appellee. In this opinion the parties will be designated as plaintiff and defendant.

The action was one upon an accident and health insurance policy issued and delivered by the defendant to the plaintiff's husband on the 28th day of October, 1932. The plaintiff was named beneficiary in said policy. Among other things, the policy indemnified in the sum of $1,000 against accidental death except when suffered from certain enumerated causes. On the 14th day of November, or shortly more than two weeks after issuance of the policy, the insured, plaintiff's husband, did suffer accidental death in a manner rendering the company liable for the indemnity promised, unless, by reason of one or more of the defenses urged by defendant, the policy was never in force, or, being in force, was canceled.

The policy provided for a quarterly premium of $7.50 and a policy fee of $3. It was the contention of the defendant that by reason of nonpayment of these items the policy was never in force. As sustaining its contention, the defendant pleaded and-relied upon the following provisions in the policy and application therefor, urging that the application became a part of the policy under one of the latter's provisions. The policy provisions so relied upon are as follows:

"The policy fee is three dollars. The quarterly premium is $7.50 dollars. In consideration of the said premium in advance and of the statements and agreements contained in the application herefor, copy of which is endorsed hereon and made a part hereof, the said Company hereby insures Max Kresberg, * * * hereinafter called the insured, sub-ject to all conditions and limitations hereinafter contained. * * * "

"(c) Strict compliance on the part of the Insured and beneficiary with all of the terms and conditions of this policy shall be a condition precedent to recovery hereunder and any failure in this respect shall forfeit to the Company all rights to any indemnity.

"(d) No assignment of this policy and no waiver of any of its provisions shall be valid unless agreed to in writing by an executive officer of the Company, and attached hereto or endorsed hereon."

"1. This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance. * * * "

"No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon."

The provision from the application relied upon by the defendant reads as follows: "12. Do you agree * * * that the insurance hereby applied for will not be in force until the payment in advance of the policy fee, where the policy form provides for such fee, also first premium and the delivery of the policy to you while you are in good health and free from all injury; that the agents or solicitors of the company are not authorized to extend credit or waive or modify any of the conditions hereof; and that you will pay to the company, or to such person as it may designate in writing, the required premium in

advance, without notice, on or before the date due?"

The provision just quoted from the application was in the form of a question to the insured as an applicant for the policy in question. No answer was made by him to said question.

The trial court took the position urged upon it by plaintiff that the policy itself contained a receipt for the first premium which estopped the defendant from showing that no premium had in fact been paid for the purpose of defeating liability under the policy after a loss occurred. This is made clear by certain remarks of the court during the progress of the trial, as follows: "The ruling of the court is perfectly plain. If you have any evidence to offer showing that this policy was in fact cancelled before the 14th day of November, 1932, between that day, we will say, and the 28th day of October, whenever it was this insurance policy was taken out, if, between those two dates the policy was in fact cancelled and held for naught, if you have any evidence to show to that effect, put it in, it is for the jury to say whether it was cancelled or not. If you have anything to say about the non-payment of premium and all this other sort of thing, it is out."

■ The view of the trial court upon the question at issue seems sustained by the weight of authority. 1 Cooley's Briefs on Insurance (2d Ed.) 763; 32 C. J. 1204; 14 R. C. L. 968, § 141, under topic "Insurance." Case notes in Ann. Cas. 1915D, 366, and L. R. A. 1918A, 308. The rule which we consider a salutary one based upon sound reasons of public policy, is that, although in an action to recover the premium the acknowledgment of payment, as any other receipt, has only prima facie effect, in the absence of fraud it is conclusive of the fact where nonpayment is interposed to deny or defeat rights arising out of the contract.

■ It is urged, however, that the language here employed is insufficient to constitute an acknowledgment of payment. We do not so consider it. See Helbig v. Citizens Ins. Co., 120 Ill. App. 58; Farnum v. Phoenix Ins. Co., 83 Cal. 246, 23 P. 869, 17 Am. St. Rep. 233; Noble v. Kansas City Life Ins. Co., 33 S. D. 458, 146 N. W. 606; Kansas City Life Ins. Co. v. Hislip, 154 Okl. 42, 6 P.(2d) 678.

The policy sued upon provides: "The policy fee is three dollars. The quarterly premium is $7.50. In consideration of said premium in advance and of the statements and agreements contained in the application herefor, copy of which is endorsed hereon and made a part hereof, the said Company hereby insures Max Kresberg," etc. The recitals in the cases just cited are very similar, and were held, after delivery of the policy, to constitute an acknowledgment of the first premium. In Helbig v. Citizens Ins. Co., the court said: "The language of the policy, 'The Citizens Insurance Company of Missouri, in consideration of the stipulations herein named and of fifteen dollars, does insure Oscar Helbig,' etc., must, in connection with proof of the delivery of the policy to plaintiff in error, be held to be an acknowledgment of the receipt of the premium, and it has been uniformly held in this State upon grounds of public policy that, in

the absence of fraud, an insurance company is estopped to prove, for the purpose of avoiding the policy, that the premium acknowledged in the policy to have been paid, was not, in fact, paid. Ill. Central Ins. Co. v. Wolf, 37 Ill. 354 [87 Am. Dec. 251]; Teutonia Life Ins. Co. v. Anderson, 77 Ill. 384."

The only policy provision speaking upon the effective date of the policy is to be found in subparagraph (b) of section 10 entitled "Special Provisions." It reads: "This policy takes effect upon its delivery to the Insured while in good health and free from all injury."

It is not contended that this covenant was breached by insured's condition. Delivery of the policy was an admitted fact in the case. While true, the defendant's state agent as a witness sought to qualify the unconditional nature of the delivery by his testimony that he told insured he might return the policy if not exactly as he had represented it; still this evidence is rendered innocuous by his further admission that he immediately reported the policy to the defendant as issued, and under his own statements treated the same as in force for purposes of a formal attempt at cancellation.

We must take from the application itself the language of the questionnaire heretofore quoted, supply an affirmative answer thereto where the insured made none, and treat the language of that questionnaire as a binding part of the policy contract, before prepayment of either premium or policy fee is a condition precedent to the policy going into effect. The insured did not specifically agree to the recitals contained in the questionnaire, because he made no answer thereto. The defendant through its state agent was content to issue the policy without compelling an answer. Hence, except as the proposed agreements contained in the clause quoted from the application, supra, are elsewhere made parts of the policy contract by appropriate language, as some of them unquestionably are, the question of our right to bind the beneficiary to something to which her insured through failure to answer refused to be bound would seem to supply its own answer.

Apparently at the trial and in the briefs before us the language of the acknowledgment in the policy is considered as relating itself to the policy fee as well as the first premium. For the reasons stated, the defendant is estopped to dispute payment of the initial premium. And, if the language of the acknowledgment in the policy be deemed insufficient to include payment of the policy fee, still the defendant is not aided. While it pleads nonpayment of the policy fee and the first premium as defaults on insured's part preventing the policy from ever taking effect, if default as to either was a condition precedent, it became so only by virtue of the provision in the application to which the insured did not assent, as we have shown.

"A great number of cases have determined that payment of the first premium is not essential to render a contract of insurance effective. Nat. Mut. Fire Ins. Co. v. Sprague, 40 Colo. 344, 92 P. 227; Cahill v. Royal Ins. Co., 94 Conn. 118, 108 A. 544; Marysville Mercantile Co. v. Home Fire Ins. Co., 21 Idaho,

377, 121 P. 1026; Mutual Life Ins. Co. v. Allen, 212 Ill. 134, 72 N. E. 200; New York Life Ins. Co. v. Greenlee, 42 Ind. App. 82, 84 N. E. 1101; Green v. Star Fire Ins. Co., 190 Mass. 586, 77 N. E. 649; DeMichele v. London & Lancashire Fire Ins. Co., 40 Utah, 312, 120 P. 846, Ann. Cas. 1914D, 1076. The delivery of a policy without actual payment of the premium raises the presumption that the company has extended credit. Washburn v. U. S. Casualty Co., 108 Me. 429, 81 A. 575; Hartwig v. Ætna Life Ins. Co., 164 Wis. 20, 158 N. W. 280." Eaton v. New York Life Ins. Co., 315 Pa. 68, 172 A. 121, 128.

■ Payment of neither the premium nor the policy fee was a condition precedent to the effectiveness of the policy in suit under the policy contract before us, although for the reasons stated the defendant cannot dispute payment of the first premium. It avails defendant nothing under the authority just quoted to assert nonpayment of the policy fee.

■ As indicated above, the question of cancellation of the policy was submitted to the jury. The defendant's state agent produced carbon copy of a letter dated November 7, 1932, which he testified was delivered by him to insured on said date. It was a purported cancellation of the policy by reason of insured's failure to pay for same as promised. Admittedly, if believed, the communication disclosed a credit extended by the state agent to the insured for the premium and policy fee. It was issuable whether the notice had ever been served on insured. The original of this notice was not found in insured's files as disclosed by plaintiff's testimony. The trial court instructed the jury the plaintiff could not recover if it believed this notice was ever served upon the insured. The jury's verdict for the plaintiff represents a finding against defendant upon the issue of cancellation.

The conclusions reached dispose of all questions presented material to our decision. The judgment of the lower court will be affirmed, and the cause remanded, with direction to enter judgment against the surety on defendant's supersedeas bond. It is so ordered.

HUDSPETH, BICKLEY, and WATSON, JJ., concur.

ZINN, J., did not participate.