## GLORIA S. VISSELLI ET AL. *v.* AMERICAN FIDELITY COMPANY

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued November 9—decided December 7, 1967

*Burton M. Weinstein,* with whom was *Ralph L. Palmesi,* for the appellants (plaintiffs).

*Vincent F. Dooley,* for the appellee (defendant).

COTTER, J. The plaintiffs brought an application to the Superior Court, under General Statutes § 52-410, for an order directing the defendant to proceed with arbitration in compliance with the uninsured motorist provisions of an automobile insurance policy issued by the defendant to Gloria Snively, now known as Gloria Snively Visselli, covering the operation of a Ford automobile. The plaintiff Kay William Snively, her former spouse, is a beneficiary of the insurance policy by virtue of a family protection coverage endorsement. The plaintiffs, as owner and passenger in the automobile, are beneficiaries of the insurance policy issued by the defendant. The proceeding before us arises from an accident which occurred in Ohio on June 20, 1957, and involved the insured automobile and another motor vehicle, owned by Patterson Pontiac, Inc., which was leased to Drake Investment Corporation and which was operated at the time by Joseph Kimbrough. The plaintiffs brought a negligence action against Patterson and Drake in Ohio in 1959, and thereafter in 1960 the Ohio court dismissed the proceedings as to Patterson and Drake because

Kimbrough was not acting with the authority of Patterson or Drake when he collided with the plaintiffs.

The defendant interposed four special defenses to the plaintiffs' application in which it alleged that the plaintiffs had not demonstrated that Kimbrough was operating an uninsured automobile as defined in the endorsement, that the plaintiffs pursued actions against Drake and Patterson to judgment without the written consent of the company as required under the endorsement provision, that a copy of the summons and complaint or other process served by the plaintiffs in connection with their legal action in Ohio was not forwarded immediately to the company in accordance with the endorsement provisions, and that the right of action set forth in the application did not accrue within six years nearest before the commencement of the present action. The defendant also alleged that the issues raised by these defenses are not subject to arbitration.

After a hearing, the court decided that the issues propounded by the special defenses were not arbitrable under the provisions of the insurance policy and that the plaintiffs, to obtain an order to compel arbitration, must first establish policy coverage in an independent lawsuit.

The obligations and rights of the parties are described and limited by their written agreement. The answer to the question whether or not the court shall direct a party to proceed with arbitration is embodied in the insurance contract. The parties cannot be compelled to arbitrate matters other than those which they have agreed to arbitrate under the provisions of their insurance policy. The arbitration agreement in the present case is contained in para-

graph 6 of the endorsement, which provides as follows: "Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement." The interpretation of the contract before us requires a determination of the meaning attached to the words "matter or matters upon which such person and the company do not agree." These words in the arbitration clause clearly refer to two issues, namely, (1) the liability of the owner or operator of an uninsured automobile to the claimant and (2) the amount of damages flowing from that liability. *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 277, 231 A.2d 531; *Hartford Accident & Indemnity Co.* v. *Travelers Ins. Co.,* 25 Conn. Sup. 414, 417, 206 A.2d 847; see 7 Am. Jur. 2d 465, Automobile Insurance, § 138. The unresolved issues raised by the allegations of the pleadings pertain to coverage under the insurance policy. They are matters which must be determined as conditions precedent to the applicability of the part of the policy which provides for the settlement by arbitration of differences between the parties on

written demand of either. The trial court was correct in concluding that those issues were not matters to be determined by arbitration.

The plaintiffs in bringing this application carefully alleged at length the various facts and elements of the case upon which they relied. The defendant thereafter filed an answer to the complaint, together with the special defenses as previously listed, to which the plaintiffs filed a reply. General Statutes § 52-410 provides in part as follows: "A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement. Such application shall be by writ of summons and complaint, served in the manner provided by law. . . . The parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day, and the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay, and shall either grant the order or deny the same, according to the rights of the parties." We indicated in the *Frager* case that the court can adjudicate questions relating to coverage at the same time that it is called upon to decide the question of arbitrability. This procedure was in accordance with our discussion of the procedure which may be followed under a "properly drawn application to compel arbitration," and in such a proceeding, "our rule as to pleading in ordinary actions seeking recovery under an insurance policy would apply." *Frager* v. *Pennsylvania General*

*Ins. Co.*, 155 Conn. 270, 278, 231 A.2d 531; *Rochon* v. *Preferred Accident Ins. Co.*, 118 Conn. 190, 195, 171 A. 429. The last sentence of the portion of the statute in question delineates the procedure to be followed in a determination of the issues in the present case. The questions relating to coverage should be adjudicated with the least possible delay, and it is then incumbent upon the court or judge, as the case may be, to either order arbitration or deny it, according to the rights of the parties.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.