STATE OF CONNECTICUT *v.* JAMES C. COSTELLO

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued October 8—decided November 4, 1970

*Eugene H. Kaplan,* with whom was *Frederick W. Krug,* for the appellant (defendant).

*Walter H. Scanlon,* assistant state's attorney, with whom, on the brief, was *Francis M. McDonald,* state's attorney, for the appellee (state).

RYAN, J. The defendant was charged with robbery with violence in violation of § 53-14 of the General Statutes. The information alleges that in the perpetration of the robbery he used personal abuse, force and violence. The jury returned a verdict of guilty which the trial court refused to set aside. The defendant was granted the right of a late appeal and, on August 24, 1967, about thirteen months after the judgment, he appealed to this court.

The basic issue before this court is the claim of the defendant that he was inadequately represented by counsel at the trial. He claims that there was insufficient time properly to prepare his defense and that his interests were not protected properly by counsel in the course of the trial. The defendant was arrested on April 6, 1966. He was represented by private counsel and on May 3, 1966, he pleaded not guilty to the information and elected trial by a jury of twelve. The case was continued for trial to May 4, 1966, and when the defendant appeared, still represented by private counsel, he changed his plea to guilty to the information. The matter was then referred by the court to the probation officer for presentence investigation and report and the case was continued to June 7, 1966. When the probation officer interviewed the defendant in the normal course of events as to his version of the offense, the defendant indicated to him that he wished to withdraw his plea of guilty and enter a plea of not guilty. He requested that he be represented by the public defender, rather than by private counsel who had represented him up to that time. On June 7, 1966, the defendant appeared in court with the public defender and indicated his desire to change his plea to not guilty. He told the court that private counsel informed him that he would withdraw from the case if the defendant pleaded not guilty. The trial court ordered that the plea of guilty be erased and a plea of not guilty was entered. The defendant elected trial by a jury of twelve. The court then asked defense counsel if he was ready to proceed with the trial. The public defender replied that he had talked with the defendant for the first time early that morning, and that he would be in a better position to advise the court later in the day as to the time he

would require properly to prepare the case. The following day, June 8, 1966, counsel for the defendant informed the court that he was ready to proceed with trial. There is nothing in the record to indicate that the defendant was ordered by the court to go forward with the case on that day, and there was no protest by either the defendant or his counsel. In fact the suggestion that the case was ready to go forward came from defense counsel.

"Where inadequacy of counsel is alleged, . . . independently stringent requirements have become well established. Thus we have held that relief may be obtained only when representation has been so woefully inadequate 'as to make the trial a farce and a mockery of justice.' *United States* v. *Wight,* 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U. S. 950, 70 S. Ct. 478, 94 L. Ed. 586 (1950). Errorless counsel is not required, and before we may vacate a conviction there must be a 'total failure to present the cause of the accused in any fundamental respect.' *Brubaker* v. *Dickson,* 310 F.2d 30, 39 (9th Cir. 1962), cert. denied, 372 U. S. 978, 83 S. Ct. 1110, 10 L. Ed. 2d 143 (1963)." *United States* v. *Garguilo,* 324 F.2d 795, 796 (2d Cir.). "When reviewing cases charging incompetence of counsel, we are seeking to vindicate the most fundamental of rights. We are not conducting a seminar in trial procedures, at least where the tactics involved are those over which conscientious attorneys might differ. . . . A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence." *United States* v. *Garguilo,* supra, 797; see also *Chambers* v. *Maroney,* 399 U.S. 42, 53, 90 S. Ct. 1975, 26 L. Ed. 2d 419.

To be certain that justice has been done, we have reviewed not only the evidence printed in the ap-

pendices to the briefs, but the entire typewritten transcript of evidence produced at the trial. The cross-examination of the state's witnesses by defense counsel was thorough and searching. The evidence of the defendant's guilt was overwhelming. Two police officers in a police car observed the defendant following the victim of the robbery. Both officers saw the victim on the ground with the defendant holding him by the arm. When the officers got out of the car the defendant was ordered to halt. Instead, he ran away and was pursued by one of the officers on foot. During the chase the officer had the defendant in sight at all times and observed him throwing a wallet and six one dollar bills into the street. The wallet contained $210 and it was identified by the victim as his property. The defendant was apprehended after a second warning shot was fired by the policeman. The victim, who had been punched and beaten in the robbery, was bleeding from the mouth. The defendant had blood on his knuckles when he was examined at the police station.

The defendant does not indicate in what respect he was prejudiced by proceeding to trial on June 8, 1966, and there is nothing in the record to indicate that he had no adequate opportunity to prepare his defense. He testified in his own defense and makes no claim that there was a failure by counsel to procure any witness who could be of assistance to the defense.

The defendant was represented by counsel at every critical stage of the criminal proceeding. *White* v. *Maryland,* 373 U.S. 59, 83 S. Ct. 1050, 10 L. Ed. 2d 193; *Hamilton* v. *Alabama,* 368 U.S. 52, 82 S. Ct. 157, 7 L. Ed. 2d 114. The public defender was an attorney of more than ten years' experience. No exception taken by the defendant at the trial has

been pursued in this appeal. None of the issues presented in this appeal was presented to the trial court. The defendant's charge of inadequate representation at the trial is without merit and his claim that he was denied a fair trial cannot be sustained. *United States ex rel. Cooper* v. *Reincke,* 333 F.2d 608 (2d Cir.), cert. denied, 379 U.S. 909, 85 S. Ct. 205, 13 L. Ed. 2d 181.

There is no error.

In this opinion the other judges concurred.