SARAH FRAGER *v.* PENNSYLVANIA GENERAL INSURANCE COMPANY

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 6—decided August 13, 1971

*George L. Eastman,* with whom were *William M. Mack* and, on the brief, *Charles G. Albom,* for the appellant (defendant).

*David B. Salzman,* with whom were *William B. Ramsey* and, on the brief, *Edward H. Cantor,* for the appellee (plaintiff).

SHAPIRO, J.  The plaintiff brought an application in January, 1966, to the Superior Court, under General Statutes § 52-410, for an order directing the defendant to proceed with arbitration in compliance with the uninsured motorist provisions in Part IV of an automobile insurance policy issued by the defendant to Page and Doris Porter, husband and wife, covering the operation of their Corvair automobile. Following a hearing on said application and a judgment directing the defendant to proceed with arbitration, the defendant appealed to this court.  In *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 231 A.2d 531, we found error, set aside the judgment, and remanded the case for further proceedings not inconsistent with our opinion.  We found error in the trial court's conclusion that the question whether there was contact

between the automobile operated by the plaintiff and an unidentified automobile was a matter to be determined by arbitration. Id., 273–77. Following our decision, a second hearing was held on the plaintiff's application to compel arbitration. The trial court found, inter alia, that on April 22, 1965, there was contact between the Corvair automobile operated by the plaintiff and an unidentified automobile. From the judgment rendered ordering the defendant to arbitrate in accordance with the insurance policy, the defendant has appealed to us.

In this appeal, there is no dispute as to what are the arbitrable issues under the insurance policy issued by the defendant. That matter was decided in the former appeal. There we found that under this insurance policy the only issues to be arbitrated are: (1) the insured's right to recover damages from the owner or operator of an uninsured automobile and (2) the amount of such damages. *Frager* v. *Pennsylvania General Ins. Co.,* supra, 275. Furthermore, in this appeal, we are not called on to decide whether the trial court erroneously found that there was contact between the automobile operated by the plaintiff and an unidentified automobile since the defendant has expressly abandoned in its brief its assignments of error directed at the court's findings of contact.

The defendant assigns as error the trial court's overruling of its claim of law that "[t]he plaintiff never gave a statement under oath to the defendant indicating that she was hit by an uninsured automobile." We find that our decision on this assignment of error is dispositive of this appeal.

The policy definition of "uninsured automobile" includes "a hit-and-run automobile," which is in turn defined as "an automobile which causes bodily in-

jury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident provided: (1) there cannot be ascertained the identity of either the operator or owner of such 'hit-and-run automobile,' (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof." The claim of law raised by the defendant orally in the trial court relates to the provision contained in the above recited definition of a "hit-and-run automobile" requiring that a statement under oath be given to the insured.

It is obvious from the terms of the policy that coverage for the plaintiff for an accident involving an uninsured automobile which is a hit-and-run automobile is dependent, in part, on compliance with the above recited requirement that the insured or someone in his behalf file a statement under oath with the defendant. By the express provisions of the policy, a hit-and-run automobile is not an "uninsured automobile" in the absence of the prescribed sworn statement. In this particular case we need not and do not decide whether an insured's failure to give a statement under oath within the thirty-day period provided in the policy would in all events defeat an insured's right to recover from the defendant, since the defendant's claim of law recites simply that the plaintiff never gave a statement under oath

to the defendant and since, from what is before us, it is clear that the plaintiff has never given a statement under oath to the defendant.

The trial court overruled the defendant's claim of law here in issue for the following reasons: (1) "[S]uch an issue was not before the Court pursuant to the order of the Connecticut Supreme Court reported at 155 Conn. 270, even if it were," (2) "the defendant waived such a claim by failing to raise the foregoing claim by any pleading"; (3) "the defendant waived such a claim by failing to raise the issue at all until mid-way through the limited hearing in the case"; and (4) "the defendant [sic] substantially complied with the subject provision of the policy." In spite of the trial court's view that the issue of a statement under oath was not properly before it, from what is before us, it is clear that the issue of requisite notice to the defendant was tried before it. In fact, both the trial court's memorandum of decision and its judgment ordering arbitration recite that sufficient notice was given to the defendant.

We take up first the trial court's conclusion that the issue of whether the plaintiff gave a statement under oath to the defendant was not a matter before it because of our decision in *Frager* v. *Pennsylvania General Ins. Co.*, 155 Conn. 270, 231 A.2d 531. The trial court's conclusion was erroneous. As earlier recited, our rescript stated: "There is error, the judgment is set aside and the case remanded for further proceedings not inconsistent with this opinion." Id., 279. There is nothing in our opinion in which we indicated, as the plaintiff argues in her brief, that in the further proceedings ordered the trial court was to adjudicate only whether there was contact between the automobile operated by the

plaintiff and an unidentified automobile. As under the terms of the defendant's policy the question of contact is a question of coverage and is a condition precedent to arbitrability, the question of requisite notice to the defendant by means of a statement under oath is also a question of coverage and is a condition precedent to arbitrability. Possibly, the trial court was misled by the following portion of our opinion in which we said: "[O]n this appeal it is conceded . . . that the only issue is whether the question of contact should be resolved, as the plaintiff claims, by the arbitrators or, as the defendant claims, by the trial court." Id., 273–74. By the utilization of this language, we did not mean to imply that the defendant in the subsequent proceedings would be restricted to raising only the issue of contact and thus would be precluded from raising other issues of coverage which would be conditions precedent to the applicability of the agreement to arbitrate contained in the policy. In fact, we noted (p. 276) that "[w]hether an unidentified automobile is an "uninsured automobile" within the terms of the policy is a question independent of whether the plaintiff would be legally entitled to recover damages from the owner or operator thereof if he could have been identified and sued," and (p. 276) that Part IV of the policy, "when construed as a whole and in accordance with settled principles of contract law, contains no provision that coverage of a particular accident is an arbitrable question."

We turn next to the court's conclusion that the defendant waived its claim relating to a statement under oath by failing to raise the issue until midway through the hearing before it. What this conclusion seems to imply is that the defendant had not raised

the question of notice at the former hearing of this case which culminated in the judgment we set aside and, therefore, the defendant had waived its right to rely on such a defense in the hearing before it. We need not pass on the merits of whether such a course pursued by an insurer would constitute a waiver since the defendant did not pursue such a course. We have taken judicial notice of the appellate record underlying our decision in *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 231 A.2d 531. That record reveals, contrary to what the plaintiff claims in her brief, that the issue of notice was raised by the defendant before the trial court in the former hearing of the case. A-468 Rec. & Briefs 117 ¶ 53.

We turn to the court's conclusion that the defendant waived its claim of lack of notice under oath by failing to raise it by any pleading. In a proceeding to compel arbitration under a properly drawn application, our rule as to pleading in ordinary actions seeking recovery under an insurance policy applies. *Visselli* v. *American Fidelity Co.,* 155 Conn. 622, 626, 237 A.2d 561; *Frager* v. *Pennsylvania General Ins. Co.,* supra, 278. Under our rules of pleading, one suing on an insurance policy may allege in general terms compliance with all the obligations it imposes on him. The defendant insurer must then allege any breach of the terms of the policy on which it proposes to rely. Such an allegation of a breach does not shift the burden of proof, the plaintiff being bound to prove performance as to the breach alleged. *Rochon* v. *Preferred Accident Ins. Co.,* 118 Conn. 190, 195, 171 A. 429; *Harty* v. *Eagle Indemnity Co.,* 108 Conn. 563, 565, 143 A. 847. In its special defense the defendant alleged, inter alia, that the plaintiff "did not follow the proper procedures as outlined by the policy as relates to hit and run acci-

dents, for coverage." Whether this allegation, under the circumstances of this case, constitutes effective pleading under *Rochon* v. *Preferred Accident Ins. Co.*, supra, *Harty* v. *Eagle Indemnity Co.*, supra, and *Sortito* v. *Prudential Ins. Co.*, 108 Conn. 163, 168, 142 A. 808, we need not decide. The failure to file a special defense may be treated as waived when it appears that no objection was raised to the offer of evidence on the issue at the trial. *Alderman* v. *Hanover Ins. Group,* 155 Conn. 585, 590, 236 A.2d 462; *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698. From what is before us, it appears that no objection was ever made by the plaintiff to the defendant's offer of evidence that the plaintiff never gave a statement under oath to the defendant. To be certain that justice is done we have consulted the transcript of the hearing. See *State* v. *Costello,* 160 Conn. 37, 40, 273 A.2d 687. The transcript reveals that the plaintiff never objected to the defendant's offer of evidence on the ground that the question of a notice under oath was outside the pleadings. Furthermore, as demonstrated in the appendix to the defendant's brief, the plaintiff's counsel, prior to the defendant's offer of evidence, sought to have admitted into evidence certain letters. The trial court remarked: "You are just trying to get for the record that there was a notice." The plaintiff's counsel answered: "Yes, within 30 days." Under these circumstances, even assuming that the defendant failed properly to plead its defense of a lack of notice under oath, the defect in pleading is deemed to have been waived.

We turn finally to the court's conclusion that "the defendant [sic] substantially complied with the subject provision of the policy." Even assuming that the court intended to use the word "plaintiff" instead

of "defendant," we find nothing in the finding which would even tend to support this conclusion of substantial compliance.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the application.

In this opinion House, C. J., and Loiselle, J., concurred.

Ryan, J. (dissenting). I am unable to agree with the opinion of the majority. The defendant assigns error in the trial court's overruling of its claim that "[t]he plaintiff never gave a statement under oath to the defendant indicating that she was hit by an uninsured automobile." In the majority opinion the decision on this assignment of error is stated to be dispositive of this appeal. The fact that the statement to the defendant, notifying it of the accident, was not under oath is not in dispute. The trial court found that the defendant, by its conduct, waived the requirement of this notice under oath by failing to raise this claim by pleading it in a special defense and by failing to raise the issue at all until midway through the second trial in the Superior Court. The majority opinion recites that the failure to file a special defense may be treated as waived when it appears that no objection was raised to the offer of evidence on the issue at the trial. The majority opinion concludes with the statement that "[u]nder these circumstances, even assuming that the defendant failed properly to plead its defense of a lack of notice under oath, the defect in pleading is deemed to have been waived." The majority of the court, "[t]o be certain that justice is done," consulted the transcript of the first trial. In so doing, it created a new issue concerning which there is noth-

ing in the printed record or in the transcript to indicate that any claim of waiver was made by the defendant at the trial or in this court. The plaintiff was thus deprived of any opportunity to contest the issue raised. The opinion also discusses the conclusion of the trial court that the defendant had waived its claim relating to a statement under oath by failing to raise the issue until midway through the second trial and finds no need to pass on the merits of whether such a course pursued by an insurer would constitute a waiver "since the defendant did not pursue such a course."

The majority opinion predicates this conclusion on an examination of the record and briefs in the first appeal to this court. The reference is to volume A-468, Connecticut Supreme Court Records and Briefs, page 117, paragraph 53, wherein the defendant made the claim of law that "[t]he plaintiff failed to establish compliance with the conditions set out in ... (Paragraph 5 of Finding) to qualify for coverage on the 'uninsured vehicle' and 'hit and run' clauses." No mention is made there of the failure of the plaintiff to file with the defendant within thirty days a statement under oath. In the light of the defendant's special defense such a claim could have no validity. In its special defense the defendant alleged that the plaintiff was not covered by liability insurance for two reasons: (1) because she exceeded the permission given her to operate the car covered by the policy and (2) in that she violated Part IV of the policy entitled "Uninsured Motorist Portion" in that she exceeded the permission granted her to drive the vehicle covered by the policy and that a hit-and-run accident did not occur as defined under this coverage. A-468 Rec. & Briefs 107. The entire special defense is printed in a

footnote.[1]  Included in Part IV of the policy is the requirement of notice, under oath, to the insurer within thirty days.  The defendant specified the portions of Part IV on which the special defense was predicated.  It made no claim that the notice was improper because it was not under oath or for any other reason.  Inclusio unius est exclusio alterius.  To hold otherwise would be to permit trial by ambush.  In the record of the first case there is no mention of the failure of the plaintiff to file with the defendant a statement under oath, nor does the defendant's brief in that appeal make any such claim.

In *Frager* v. *Pennsylvania General Ins. Co.*, 155 Conn. 270, 273, 231 A.2d 531, we said: "While the defendant, in its answer, specially denied each of the material allegations of the plaintiff's application, apparently improperly and in violation of §§ 73, 116, 117 and 118 of the Practice Book, *on this appeal it is conceded that the plaintiff is an insured party under the policy and that the only issue is whether the question of contact should be resolved, as the plaintiff claims, by the arbitrators or, as the defendant claims, by the trial court.*  The answer

---

[1] "BY WAY OF SPECIAL DEFENSE  The defendant makes the following claim:  1) That Sarah Frager was not covered by liability insurance; 2) That there was no coverage under this policy because of a violation of the policy in that Sarah Frager exceeded the permission granted to operate the vehicle covered by this policy; 3) In that Sarah Frager violated the Policy, Part IV, entitled 'Uninsured Motorist Portion,' in that she exceeded the permission granted to drive the vehicle covered by the policy and that a hit and run accident as defined under this coverage did not in fact occur; 4) In that Sarah Frager has made no application as provided under the policy for arbitration; 5) In that the question of whether Sarah Frager is an insured or not is not a proper question to be decided by an application directing arbitration, nor by an arbitrator, but is a question which should be decided by a Declaratory Judgment, hence, this application presents a moot question."

to this question depends upon the proper interpretation of the terms relating to arbitration as set forth in Part IV of the policy." (Emphasis supplied.) This is a strong indication that this court, on the record, briefs and argument, was completely unaware of the present claim of the defendant as to lack of notice under oath. There was good reason for this inasmuch as the defendant had never raised the question nor had it made such a claim. In its brief in the first appeal the defendant specifically abandoned its attack on the findings of fact designed to raise an issue as to whether the plaintiff was an additional insured under the policy. A-468 Rec. & Briefs 117. It concluded as follows: "The order of arbitration should be reversed and a new hearing granted providing for a judicial determination of whether there was a collision with a hit and run automobile with the corollary right to a jury trial thereon." A-468 Rec. & Briefs 126.

On remand of the case to the trial court the defendant, on July 24, 1968, filed an amended special defense which is recited in a footnote.[2] If the defendant intended to make a claim of lack of notice it failed to indicate it in this amended pleading which was filed more than three years after receiving notice in writing of the plaintiff's claim.

---

[2] "SPECIAL DEFENSE 1. The plaintiff Sarah Frager was not covered by liability insurance. 2. That there was no coverage under this policy because of a violation of the policy in that Sarah Frager exceeded the permission granted to operate the vehicle covered by this policy. 3. In that Sarah Frager violated the Policy, Part IV, entitled 'Uninsured Motorist Portion,' in that she exceeded the permission granted to drive the vehicle covered by the policy and that a hit and run accident as defined under this coverage did not, in fact, occur and she did not follow the proper procedures as outlined by the policy as relates to hit and run accidents, for coverage. 4. In that Sarah Frager has made no formal application as provided in the policy for arbitration."

The trial court in the present case concluded, inter alia, that the defendant's claim of law that the plaintiff never gave a statement under oath to the defendant indicating that she was hit by an uninsured vehicle was not before the court for two reasons: (1) the defendant waived such a claim by failing to raise it in a special defense, and (2) the defendant waived such a claim by failing to raise the issue at all until midway through the second trial.

The facts, as found by the trial court, together with the pleadings and the printed records of both appeals, are of importance in the determination of the question whether the conclusion of the trial court concerning waiver should be sustained. The following facts were found by the trial court: On April 22, 1965, the plaintiff was involved in a motor vehicle accident while operating the car of Page and Doris Porter, which she had borrowed from her cousin Mrs. Porter. As she was coming around a bend on Forest Road in the city of New Haven, traveling in a northerly direction, the car was struck near the back on the left side by another automobile traveling in a southerly direction which approached on the plaintiff's side of the road. Thereafter, the car driven by the plaintiff hit a telephone pole which fell on top of the car. Neither the approaching car nor its driver has ever been identified. The plaintiff was seriously injured. At the scene of the accident she talked to a New Haven police sergeant and told him of the accident. She was removed to the hospital by ambulance. The police officer was advised that the plaintiff was in great pain and under the influence of a pain killer, demerol, and was told that in view of the plaintiff's injuries he could not talk to her at that time. The

plaintiff subsequently talked to the sergeant at the hospital. The day following the accident, on the third meeting of the plaintiff and the police sergeant, he was given a report of the accident by the plaintiff.

From these facts, together with the pertinent provisions of the policy, the trial court concluded that the unidentified automobile was an "uninsured automobile" within the terms of the policy; that there was contact between the unidentified car and the car driven by the plaintiff; that the plaintiff notified the police of the accident; that the plaintiff's counsel and later, the plaintiff, advised the defendant that the plaintiff had been involved in an accident with an unidentifiable person. On May 19, 1965, the defendant was given notice by letter from the plaintiff's attorney that the plaintiff had been injured by a hit-and-run driver who forced her off the road and struck the car of the defendant's insureds, Page and Doris Porter, while it was being operated by the plaintiff. The letter made it perfectly clear that it was the plaintiff's intention to avail herself of the uninsured motorist's provision contained in the policy. It is clear from the letter that counsel, on May 6, 1965, had notified the insurance agent who sold the policy to the Porters, of the plaintiff's injuries; and that on May 11, 1965, the Porters were notified in writing by the plaintiff's counsel. On May 24, 1965, receipt of the claim was acknowledged by the defendant's claim department and the plaintiff's counsel was informed that he would be contacted within a few days. This letter requested that he "forward any medical reports as soon as received and itemized special damages, so that we may discuss the matter with you." On June 9, 1965, the defendant took a statement from the plaintiff which was not under oath.

Waiver is the intentional relinquishment of a known right. *Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249, 257, 205 A.2d 780. In the law of insurance, a breach of condition or warranty, out of which avoidance of the policy may be claimed, does not operate automatically to forfeit or avoid the policy, but sets in operation a right of choice. The insurer may elect either to continue or to terminate. The condition or warranty, the breach of which gives such right of avoidance, is subject to waiver either by express agreement or acts of the insurer from which waiver may be implied. *Andover* v. *Hartford Accident & Indemnity Co.*, 153 Conn. 439, 444, 217 A.2d 60; *MacKay* v. *Aetna Life Ins. Co.*, 118 Conn. 538, 547, 173 A. 783. Waiver may be implied from the circumstances if it is reasonable so to do. *Breen* v. *Aetna Casualty & Surety Co.*, 153 Conn. 633, 644, 220 A.2d 254; *DiFrancesco* v. *Zurich General Accident & Liability Ins. Co.*, 105 Conn. 162, 168, 134 A. 789. It appears to be well settled by all the later cases on this point that the insurer may, by waiver or estoppel, lose its right to defeat a recovery under a liability policy because of the insured's failure to comply with the policy provisions as to notice of accident or claim or as to the forwarding of suit papers. The rationale of this holding obviously is that provisions with respect to notice and forwarding suit papers are inserted for the benefit of the insurer only and that it, therefore, must be deemed to have the right to waive compliance therewith. Note, 18 A.L.R. 2d 443, 487.

The conclusion that a party has waived a right is one of fact for the trier and not one which can be drawn by the court, unless, on the subordinate facts found, such a conclusion is required as a matter of law. The finding of facts by the trial court, the

record of the first trial and the record in this case, amply support the conclusion of the trial court that the defendant waived the requirement of notice under oath. The defendant received the plaintiff's notice before the expiration of the thirty-day period and could have required within the time limit that the notice be sworn to, but no such request was ever made by the defendant. It proceeded to investigate the claim, requested information from the plaintiff's counsel as to medical reports and special damages, and defended on the grounds that the plaintiff exceeded her authority as an operator and that there was no contact with a hit and run vehicle. There was a hearing in the Superior Court and an appeal to this court without any mention of or reference to a failure of the plaintiff to give notice to the defendant under oath. The special defenses filed in both cases failed to mention such a claim. An examination of the entire transcript of the evidence in the first case indicates that no such claim was ever asserted. This claim was made for the first time in the second trial on October 29, 1969, some three years and five months after the defendant received the plaintiff's written notice of claim. The defendant's conduct is wholly inconsistent with any claim of lack of coverage by reason of the fact that the plaintiff's notice of claim was not under oath. The defendant accepted the notice as sufficient. *Cahill* v. *Royal Ins. Co.*, 94 Conn. 118, 122, 108 A. 544. On the facts of this case the trial court's conclusion of waiver should not be disturbed.

When in the second trial almost three and one-half years after receiving notice of the plaintiff's claim, the defendant offered evidence that the notice was not sworn to, this was a futile attempt to change its position. "[O]nce a right is waived, the waiver

cannot be withdrawn even if subsequent events prove the right waived to have been more valuable than had been anticipated. *DiFrancesco* v. *Zurich General Accident & Liability Ins. Co.*, 105 Conn. 162, 169, 134 A. 789; 56 Am. Jur., Waiver, § 24." *Jenkins* v. *Indemnity Ins. Co.*, 152 Conn. 249, 258, 205 A.2d 780. Having already waived its right to rely on a notice under oath, the defendant's claim that the plaintiff was not covered by the policy was an attempt to change its position. But rights once waived cannot be regained by revoking the waiver. *Hendsey* v. *Southern New England Telephone Co.*, 128 Conn. 132, 137, 20 A.2d 722; *Lee* v. *Casualty Co.*, 90 Conn. 202, 208, 96 A. 952. The admission of evidence by the defendant whether with or without objection by the plaintiff could not alter the defendant's waiver or affect it in any way.

Even in the case of misrepresentation of facts to the company by an insured, the question whether that conduct constituted a breach of a condition in the policy would be presented for the trial court. "The purpose of this provision is to protect the interests of the insurer, and any conduct of an assured . . . must have adversely affected its interest in some substantial and material way." *Rochon* v. *Preferred Accident Ins. Co.*, 118 Conn. 190, 198, 171 A. 429. The defendant has made no attempt to show that it was prejudiced in any way by the plaintiff's failure to give it notice under oath.

In the present case the defendant tried unsuccessfully to establish that there was no contact between the car driven by the plaintiff and the hit-and-run vehicle and that the plaintiff exceeded her authority in the operation of the car. Having failed to establish either of these allegations contained in a special defense, it sought to do what it had failed

to do three and one-half years previously. In sustaining such a course of conduct the majority is overlooking one of the closing paragraphs of our opinion in *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 279, 231 A.2d 531. I believe it warrants repetition. "Under No. 510 of the 1967 Public Acts, . . . the insurance commissioner is given broad powers of regulation over the terms and conditions of policies providing uninsured motorists coverage. These powers, coupled with the commissioner's general powers over insurance companies doing business in Connecticut, would appear adequate to protect the public against possible abuses by insurers in connection with claims under provisions for uninsured motorists coverage, whether these abuses were to take the form of involving claimants in unwarranted litigation and procedural complexities or in delaying tactics intended to bring to bear on claimants the compulsive force of economic attrition."

The judgment of the trial court should be sustained.

In this opinion THIM, J., concurred.