[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #111
Plaintiffs, Sandra Wright and Meyer Biller, commenced the present action against the defendant, Allstate Insurance Co., after Allstate allegedly refused to settle an insurance claim.
On or about October 6, 1988, Allstate issued a homeowner's insurance policy (the "policy") insuring plaintiffs against loss or damage by reason of, among other things, theft. The policy required that in the event of a loss the insured must provide Allstate with a signed, sworn proof of loss within sixty days of the loss. The policy required that the proof of loss contain certain specified information and all original bills, invoices, vouchers or certified copies as Allstate may reasonably request.
On or about March 19, 1989, when the policy was in effect plaintiffs had property stolen from one of their automobiles allegedly valued in excess of ten thousand dollars. On or about May 23, 1989, more than sixty days after the loss, the plaintiffs, through their insurance adjuster, Sandra Biller of Biller Associates, submitted a document to Allstate entitled "Proof of Loss."
By letter dated June 1, 1989, Rocco Bazzano, a Claim Staff Representative for Allstate, notified the plaintiffs that their proof of loss had been rejected, on the grounds that it was incomplete and did not contain all the information required by the policy. The letter also requested that plaintiffs supply Allstate with "receipts, photographs or other documents which constitute proof of ownership for the items claimed." The letter concluded by stating that Allstate reserved all rights and defenses it had in conjunction with the policy.
Thereafter, plaintiffs' file was reassigned to Marvan Leonard of Biller Associates. On March 8, 1990, Leonard contacted Myran Gapski, a Property Unit Claims Manager for Allstate, in an attempt to arrange a meeting and settle plaintiffs' claim. The correspondence included a list which stated the items stolen from plaintiffs and their replacement costs. On March 9, 1990, Gapski contacted Leonard to inform him that the documentation submitted by plaintiffs failed to satisfy Allstate's requirements for a proof of loss. The letter also informed Leonard that Allstate "would not be in a position to discuss any settlements" until they had been given the entire CT Page 7689 claim to evaluate. This letter also concluded by stating that Allstate reserved all rights and defenses it had in conjunction with the policy.
On March 14, 1990, plaintiffs commenced the present action to recover the value of the property stolen from their automobile. On November 16, 1990, Allstate filed an answer with three special defenses. Allstate alleges in the first special defense that plaintiffs have failed to provide to Allstate the proper documents to support their claim as required by the policy. Allstate alleges in the second special defense that plaintiffs have failed to file a proof of loss which complied with the requirements of the policy. Allstate alleges in its third special defense that an amendment to the policy limits the total amount of coverage for "property used or intended for use in a business" to two hundred dollars and that the property plaintiffs are claiming was property used for or intended for use in plaintiff Biller's business. On December 3, 1991 plaintiffs filed an answer to Allstate's special defenses. The pleadings are now closed.[1]
On October 9, 1991, pursuant to Practice Book 379 et seq., Allstate filed the pending motion for summary judgment and memorandum of law on the ground that plaintiffs failed to comply with the proof of loss and documentation requirements of the policy. In the alternative, Allstate motions for partial summary judgment limiting plaintiffs' recovery to two hundred dollars for property which plaintiffs used or intended to use for business purposes. Allstate has submitted the following documents in support of its motion: 1. A copy of a memorandum of decision from a U.S. District Court of Connecticut case; 2. The affidavit of Myran Gapski; 3. An alleged copy of the plaintiffs' policy with Allstate; 4. A copy of the transcript from plaintiff Biller's deposition; and 5. Copies of various correspondence between the parties involved in this case. Plaintiffs have filed a memorandum of law in opposition to Allstate's motion along with the affidavits of plaintiffs Biller and Wright, Marvan Leonard and Sandra Biller. Plaintiffs have also filed copies of correspondence between the parties to this case and a copy of what they allege to be their policy with Allstate.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hammer v. Lumberman's Mutual Casualty Co.214 Conn. 573, 578, 573 A.2d 699 (1990). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990). CT Page 7690
1. Whether the court should grant Allstate's motion for summary judgment on the ground that plaintiffs have failed to comply with the policy claim requirements.
Allstate argues that because plaintiffs have failed to comply with the policy's proof of loss requirements or produce the documentation requested, it is entitled to judgment as a matter of law.
Plaintiffs first argue that Connecticut recognizes an exception to strict compliance with respect to notice provisions in an insurance policy if the notice defect does not prejudice the insurer. Plaintiffs then contend that in the present case, any defects in the proof of loss did not prejudice Allstate, and because the determination of whether there was prejudice is a question for the trier of fact, summary judgment should not enter.
Plaintiffs next argue that because Allstate did not terminate their claim after the original proof of loss was rejected, its subsequent actions indicate that it waived its right to terminate plaintiffs claim. Plaintiffs also contend that there is an "element of estoppel present" in the instant matter because Allstate's "affirmative acts and omissions" during the course of the adjustment misled and prejudiced them. Plaintiffs contend that because the determination of whether a party has waived a right is one of fact for the trier, Allstate's motion should be denied.
 In the law of insurance, a breach of condition or warranty, out of which avoidance of the policy may be claimed, does not operate automatically to forfeit or avoid the policy, but sets in operation a right of choice. The insurer may elect either to continue or to terminate. The condition or warranty, the breach of which give such right of avoidance, is subject to waiver either by express agreement or acts of the insurer from which waiver may be implied or estoppel asserted. `The words waiver and estoppel are often used interchangeably by the courts. There is, however, a real distinction. Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. . . . Estoppel rests upon the misleading conduct of one party to the prejudice of the other. Estoppel involves the acts and conduct of CT Page 7691 both parties and the inquiry is as to whether or not the fault of one party has induced the other in reliance thereon to alter his position to his detriment.'
(Citations omitted.) MacKay v. Aetna Life Ins. Co., 118 Conn. 538,547-48, 173 A. 783 (1934). It is an issue of fact for the trier as to whether there has been a waiver, Frager v. Pennsylvania General Ins. Co., 161 Conn. 472, 289 A.2d 896
(1971), or an estoppel, Middlesex Mutual Assurance Co. v. Walsh,218 Conn. 681, 699, 590 A.2d 957 (1991).
In the instant matter, the theft of plaintiffs' personal property occurred on March 19, 1989. Thereafter, on or about May 23, 1989, more than sixty days after the loss, plaintiffs sent Allstate an undated and unsworn document entitled "Proof of Loss." On June 1, 1989, Bazzano sent plaintiffs a letter notifying them that their proof of loss had been "rejected" for failing to comply with certain numbered, but unspecified, requirements. Bazzano did not indicate in his letter that plaintiffs' rights under the policy had been terminated for failing to provide a proof of loss within sixty days as required by the policy; however, he did request that plaintiffs "supply any receipts, photographs or other documents which constitute proof of ownership for the items claimed." The letter concluded by stating that "Allstate insurance reserves all rights and defenses it has in conjunction with policy number 019589720."
In February of 1990, almost a year after the loss, plaintiffs, through Biller Associates, recommenced their efforts to collect from Allstate. By correspondence dated March 9, 1990, Myran Gapski, Property Unit Claim Manager for Allstate, indicated to Marvan Leonard of Biller Associates that they "would not be in a position to discuss any settlements" until they had been given the entire claim to evaluate. This letter also concluded by stating that Allstate reserved its rights and defenses under the policy.
Based on the foregoing series of communications between the parties, it is apparent that an issue of fact exists as to whether Allstate waived its rights pertaining to an insured' failure to comply with the claim requirements under the policy and whether Allstate is estopped from denying plaintiffs claim thereunder.
2. Whether the court should grant Allstate's motion for partial summary judgment as to the limits of plaintiffs' recovery for stolen business property.
Allstate argues that if the court denies its motion on the CT Page 7692 first ground, partial summary judgment should enter placing maximum recovery of two hundred dollars on plaintiffs' claim for any "property used or intended for use in a business." Allstate argues that their motion is supported by the language contained in the amendment to plaintiffs' policy.
Plaintiffs argue that it never received or had notice of change in coverage regarding a limitation for business property Plaintiffs contend that there is a genuine issue of material fact as to whether there was adequate and reasonable notification to them of a reduction in coverage. Plaintiffs argue that even if the court were to find for Allstate on the above issue, there is a genuine issue of material fact as to whether plaintiffs use the stolen property for business purposes.
In the instant matter, Allstate has submitted a copy of policy (Defendant's Exhibit 1) which contains an amendment clause at the end of the document. This amendment clause limits the recovery of claims involving "[p]roperty used or intended for use in business" to two hundred dollars. Myran Gapski, Property Unit Claim Manager for Allstate, states in his affidavit at paragraphs 10 and 11 that plaintiffs' policy contained the aforementioned amendment, and that all of the items stolen from plaintiffs' vehicle, with the exception of some jewelry, were used by plaintiff Biller in his business as an insurance adjuster.
Nevertheless, plaintiffs state in their affidavits that they never received nor were aware of the existence of the amendment limiting the recovery for business related property. Furthermore, the version of the policy which plaintiffs have submitted in opposition to Allstate's motion differs from the policy submitted by Allstate in that it does not contain the same amendment clause which is the subject of the present motion.
Accordingly, the affidavits of the parties along with the documentary evidence submitted demonstrate that there is a genuine issue of material fact as to whether plaintiffs' policy contained a clause limiting plaintiffs' recovery for property used or intended for use in business. Further, the question as to whether the stolen property was "business property" or not, raises a genuine issue of material fact which should be left to the trier to decide.
Based on the foregoing, the court denies Allstate's motions for summary judgment and partial summary judgment.
Maiocco, Judge.