ISAAC MUROV *v.* LUMBERMENS MUTUAL CASUALTY COMPANY

SUPERIOR COURT          FAIRFIELD COUNTY          FILE NO. 122341

Memorandum filed January 4, 1965

*Isaac Murov,* pro se.

*Shapiro & Belinkie,* of Bridgeport, for the defendant.

PASTORE, J. This is an application to this court, made pursuant to General Statutes § 52-415, for advice upon a question of law which is claimed to

have arisen in a controversy in which the applicant is serving as an arbitrator. The question involves the interpretation of an uninsured motorist coverage clause in a policy issued by Lumbermens Mutual Casualty Company to Anne Tutoli, who claims to have been injured in an automobile collision involving two uninsured automobiles on August 7, 1963, in Bridgeport, and who has requested arbitration of her claim for damages for such injuries in accordance with an arbitration clause in her policy.

A civil action pending in this court at Bridgeport alleges that while she and Eileen Delaney were passengers in a car, owned by and also occupied by Margaret Delaney, which was parked on a highway in Bridgeport on August 7, 1963, it was struck as a result of the negligence of Arthur Stewart and Peter Kenny, each of whom was operating a separate automobile, and both of whom were uninsured, whereby said three plaintiffs, viz. Tutoli and both Delaneys, were injured. The action is against both the uninsured drivers.

It appears that the Delaney vehicle was insured by American Insurance Company, which policy included an uninsured motorists coverage clause, in the amounts of $20,000/$20,000, which covers the passengers in the Delaney vehicle, including Anne Tutoli. At the time of the collision, Anne Tutoli held a policy with Lumbermens Mutual Casualty Company which also had an uninsured motorists coverage clause in the amounts of $20,000/$20,000. According to Tutoli's counsel, all three claimants have demanded arbitration of their claims and no coverage question has been raised by American Insurance Company, further specificity of this, however, being to the court not known. In arbitration, a dispute having arisen between Tutoli and Lumbermens as to the coverage afforded her under her

uninsured motorist coverage clause, they agreed to submit the question to this court, agreeing further that the decision of the court would be "final and binding upon the arbitrators in any further action upon this policy."

The application of the arbitrator to the court states, inter alia: "Before the issues of damages can be determined, an issue of coverage has arisen which is a question of law." The Lumbermens policy held by Tutoli, under part 4, coverage J, uninsured motorists, provides as follows: "OTHER INSURANCE. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under part 4 shall apply only as excess insurance over any such similar insurance available to such insured and applicable to such automobile as primary insurance and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance."

Notwithstanding the agreement of the parties to submit the coverage question to the court for determination, a threshold question arises whether the court should entertain the application at all. The arbitration provision connected with the uninsured motorist coverage clause provides for arbitration if the claimant and the company do not agree that such claimant "is entitled to recover damages from the owner or operator of the uninsured automobile because of bodily injury to the insured or do not agree as to the amount of payment which may be owing." The issues are whether damages are due to the claimant from the uninsured motorist or the amount of the payment, or both. The scope of the arbitration clause and of the duties of the arbitrator include such issues as the negligence of

the uninsured motorist and of the claimant, if any, and proximate causation and damages, if required. In general, the intent of the clause concerns the legal relations between the claimant and the uninsured motorist: here, Tutoli as against Stewart and Kenny. The question of the coverage of the policy concerns the legal relations of the insured-claimant and the insurance company issuing the policy: here, Tutoli as against Lumbermens.

Under some circumstances, the issues under the arbitration clause have been held to include other questions than strictly negligence and the resulting damages. *Matter of Zurich Ins. Co.* (Camera), 14 App. Div. 2d 669 (N.Y.); 7 Am. Jur. 2d 465 n.16, Automobile Insurance, § 138. In the instant case, it seems clear, however, that the policy coverage question is not such a dispute as is included in the disputes made subject to the arbitration provision. See *Matter of Lowe (Ocean Accident & Guarantee Corporation)*, 21 Misc. 2d 1042, 1047 (N.Y.), involving an arbitration clause quite similar to that in the instant case, where it was held that the only arbitrable questions were (1) whether or not the insured was entitled to recover damages from the uninsured motorist on account of bodily injuries of the insured, and (2) the amount of payment which might be owing; and it held the question whether the other motorist was uninsured not to be an arbitrable question. Hence, the policy coverage question before the court not only is outside the scope of the arbitration clause, and consequently outside the duties of the arbitrator thereunder and irrelevant, but thus would not constitute a question "arising in the course of the [arbitration] hearing," within the meaning of § 52-415.

Secondly, it does not appear either from the application or from anything said at the hearing upon

the application that any determination of liability or damages has yet been made by the arbitrator. Because of this, and even assuming that the question of coverage should become relevant in some manner before the arbitrator, the issue of coverage at this stage of the arbitration presents a moot question. Until such determination is made by the arbitrator with relation to damages to which Tutoli may be entitled as may bring into question the matter of coverage under the policy, the determination of this question by the court is not necessary, and no practical relief can follow from it. *Newton* v. *Barnett,* 146 Conn. 344, 346; *Reynolds* v. *Vroom,* 130 Conn. 512, 515.

The parties are not without relief, as the matter of coverage can properly become the subject of judicial determination in a civil action upon the policy after judgment upon any award Tutoli may receive in arbitration and refusal of Lumbermens to pay.

In recent expressions of the Supreme Court of Errors, the use of the declaratory judgment as a vehicle of judicial determination of the legal relations of parties has been disapproved when other legal relief was available to them in connection with policies of insurance and coverage questions. *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 260; *Shelby Mutual Ins. Co.* v. *Williams,* 152 Conn. 178, 182; Practice Book § 309 (c). Some doubt exists, therefore, whether even the remedy of a declaratory judgment may be available on the coverage question here involved, in view of the legal remedy already available to the parties in an action upon the policy after judgment.

Thus, it seems to this court that in the instant case, to submit to the court for determination, in the mode of advice to the arbitrator or of a decision under General Statutes § 52-415, a pseudo issue in-

volved in an arbitration proceeding, such as the issue of coverage, when it is outside the scope of the submission and of the duties of the arbitrator, is tantamount to seeking the benefit of the declaratory form of action under circumstances when such a form is not only discountenanced but, when used in connection with the arbitration, affords even less protection of notice and an opportunity to be heard on the part of otherwise interested parties than is assured by the declaratory judgment process.

Accordingly, for all of the reasons foregoing, the court feels compelled to, and does hereby, dismiss the application of said arbitrator for advice and decision of this court.