Argued September 13, affirmed December 13, 1973

FAWVER ET UX, *Appellants, v.* ALLSTATE
INSURANCE COMPANY, *Respondent.*

516 P2d 743

*Terry G. Hannon,* Gresham, argued the cause and
filed the brief for appellants.

*Stanley C. Jones, Jr.,* Klamath Falls, argued the
cause for respondent. With him on the brief was J.
Anthony Giacomini, Klamath Falls.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

The plaintiffs made a claim against the defendant, Allstate Insurance Company, their insurer, under the uninsured motorist provision of their policy. A dispute arose and the plaintiffs sought and received arbitration of the dispute. The arbitrator found for Allstate, plaintiffs filed exceptions to the award, the trial court affirmed the award and plaintiffs appeal.

■ The first exception was: "[T]here was evident partiality on the part of the arbitrator[s] * * *." ORS 33.320 (2). Plaintiffs contend the partiality is proved because all of the arbitrator's negligence practice consisted of representing defendants. This was made known to the plaintiffs' counsel. He could have objected; however, with such knowledge he agreed to accept the arbitrator. We agree with the trial court that this constitutes a waiver of plaintiffs' right to claim impartiality on this ground.

ORS 33.320 provides that arbitration awards may be set aside if "(4) The arbitrators exceeded their powers * * *." Plaintiffs contend the arbitrator in this case exceeded his powers.

The plaintiffs claim their injuries were caused by a "phantom vehicle," which is within the insurance contract definition of an uninsured vehicle.[1] The policy provides insurance coverage in this situation. How-

[1] For a discussion of the phantom vehicle coverage, see Farmers Insurance Exchange v. Colton, 264 Or 210, 504 P2d 1041 (1972).

ever, ORS 743.792 (2) (g) (B) provides the insured is covered in such situation only if: "The facts of such accident can be corroborated by competent evidence other than the testimony of the insured or any person having an uninsured motorist claim resulting from the accident." The arbitrator held there was insufficient corroborating evidence.

Plaintiffs contend the arbitrator was not authorized to decide whether the other car involved, if there was another car, was a "phantom vehicle." The policy provided:

## "SECTION II

### PROTECTION AGAINST BODILY INJURY BY UNINSURED AUTOMOBILES

"The determination as to whether the insured shall be legally entitled to recover damages, and if so entitled the amount thereof, shall be made by agreement between the insured and Allstate.

"In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the arbitrator pursuant to this Section II."

The policy is not in the record; however, the parties agree that these are the only provisions which pertain to arbitration.⊗

---

⊗ ORS 743.792, entitled, "Requirements of uninsured motorist coverage," provides: "Every policy required to provide the coverage specified in ORS 743.789 shall provide uninsured motorist coverage which in each instance is not less favorable in any respect

Several jurisdictions have decided this question with policy provisions identical or similar to those in Allstate's policy and they have disagreed.[®]

A bare majority in *Rosenbaum v. American Surety Company of New York*, 11 NY2d 310, 229 NYS2d 375, 183 NE2d 667 (1962), decided the policy limited arbitration "to fault ('legally entitled') and as to damages if fault should be established. No language in the endorsement can be read as an agreement to send to arbitrators a disagreement as to whether there was or was not liability insurance covering a car which should injure the insured." 11 NY2d at 314. The policy provisions were similar to those in the present policy and what differences there were would tend to limit arbitration.

Connecticut and Illinois, construing similar policies, held in accord with the majority of the New York court. *Frager v. Pennsylvania General Ins. Co.*, 155 Conn 270, 231 A2d 531, 29 ALR3d 321 (1967). *Flood v. Country Mutual Insurance Company*, 41 Ill2d 91, 242 NE2d 149 (1968).

The minority of the New York court in *Rosenbaum v. American Surety Company of New York*, supra (11 NY2d at 315), were of the opinion that the phrase in the policy provision that in the event of disagreement " 'the *matter* or *matters* upon which the

to the insured or the beneficiary than if the following provisions were set forth in the policy." Several provisions of this statute concern arbitration; however, the plaintiffs make no claim that the provisions of the policy are not as favorable to the plaintiffs as the provisions required by statute. For this reason we shall not consider this issue.

[®] Most of these cases are collected in an Annotation in 29 ALR3d 328 (1970).

insured and the company do not agree shall be settled by arbitration' " provides for arbitration of the issue of whether the tortfeasor's vehicle was insured.

Massachusetts and Pennsylvania followed the reasoning of the dissent in *Rosenbaum* and held that whether the tortfeasor's vehicle was an insured vehicle was a matter of arbitration. *Employers' Fire Insurance Company v. Garney,* 348 Mass 627, 205 NE2d 8 (1965); *National Grange Mutual Insurance Co. v. Kuhn,* 428 Pa 179, 236 A2d 758 (1968).

■ We have decided the most reasonable interpretation is that whether the tortfeasor's vehicle is an uninsured vehicle is an issue that the policy provides can be submitted to arbitration. The language of the policy is reasonably susceptible of that interpretation. Whether the tortfeasors' vehicle was uninsured is "a matter * * * upon which the insured and Allstate do not agree." We are of the opinion that public policy should favor the settlement of all disagreements between the insured and the insurer in one proceeding. The policy provides that the insured, alone, has the option of proceeding to arbitration. If the insured is of the opinion that arbitration is not the most favorable method of determining the issues, the insured can have them decided in a court proceeding. We are also influenced by the fact that Oregon has no antipathy toward arbitration as a method of settling disputes. This is contrary to the policy of some other jurisdictions.

For these reasons we hold that the trial court did not err in overruling plaintiffs' exceptions to the award of the arbitrator.

Affirmed.

TONGUE, J., specially concurring.

I concur in the opinion by DENECKE, J. I would, however, expressly disapprove of the practices of the American Arbitration Association which resulted in its arbitration "panel" for use in the selection of arbitrators for uninsured motorist cases in Klamath Falls, Oregon, and which included only attorneys engaged primarily in the representation of insurance companies in the defense of personal injury cases.

The trial court was correct in finding that "[t]he claimants, by proceeding to arbitration having knowledge that the arbitrator's practice consisted of representing defendants, waived claimant's right to subsequently challenge the award on the ground of partiality." Nevertheless, the practices which resulted in plaintiffs being presented with the problem of selecting an impartial arbitrator from such a panel should be disapproved by this court.

It may be that no attorneys in Klamath Falls other than insurance defense attorneys were willing to serve upon the arbitration panel. If so, this may very likely be the result of the practice of the American Arbitration Association and of the insurance companies which use its services in the arbitration of uninsured motorist cases to the effect that attorneys who serve as arbitrators in such cases are expected to do so as a public service and without compensation.

The duties to be performed by an arbitrator in such cases require complete impartiality, integrity and ability based upon experience. In addition, an arbitrator in such a case may be required to devote considerable time not only in the arbitration hearing, but in a subsequent review of the evidence offered at the

hearing, together with a study of pertinent provisions of the insurance policy and of the applicable law.

Although the American Arbitration Association may be a non-profit association, when an insurance company uses the services of the Association in uninsured motorist cases and when, for that purpose, attorneys are engaged to serve as arbitrators, it is unreasonable to expect experienced, competent and busy lawyers to donate the substantial amounts of time required in such cases without compensation. The custom and practice in labor and commercial arbitration proceedings, in which attorneys are not infrequently requested to act as arbitrators, is that such arbitrators are paid reasonable compensation for their services.

When attorneys are asked to permit their names to be placed upon an arbitration panel for use in the selection of arbitrators in uninsured motorist cases, but with the knowledge that they will receive no compensation for their services, it is not surprising that the resulting arbitration panel in a community the size of Klamath Falls consists solely of attorneys engaged primarily by insurance companies in the defense of personal injury cases.