**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Plaintiff-Appellee,**

v.

**Sheldon B. FERNANDEZ, Defendant-Appellant,**

and

**Marlene J. Mira, Defendant.**

**No. 84–1909.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1985.

Decided April 23, 1985.

Filed Aug. 5, 1985.

---

**13.** Jeppesen's motion to strike portions of the excerpts of record is denied.

Kevin P.H. Sumida, Honolulu, Hawaii, for plaintiff-appellee.

Craig K. Furusho, Jeffrey Sia, Honolulu, Hawaii, for defendant-appellant.

Before FARRIS, PREGERSON and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

State Farm Mutual Automobile Insurance Company ("State Farm") brought this action for declaratory relief against Sheldon B. Fernandez and Marlene J. Mira, who are the beneficiaries of an automobile insurance policy issued by State Farm. The district court granted a summary judgment in favor of State Farm, holding that the policy did not cover certain injuries to Fernandez and that Fernandez was not entitled to arbitration on the issue of coverage. We affirm.

## I

## BACKGROUND

At approximately 2 a.m. on June 13, 1981, Fernandez was leaving the Kekaha Naval Base in his pickup truck. Another vehicle, which was driven by Mark White, approached Fernandez's truck from the opposite direction. Because White was using his high beams, Fernandez shifted from low beams to high beams and back again. White responded by shifting from high beams to low beams and back again. This process was repeated several times. When White's vehicle passed Fernandez's truck, White shouted at Fernandez. Fernandez turned his truck around and pursued White. After Fernandez stopped next to White, both drivers left their vehicles. In the ensuing confrontation, White stabbed Fernandez in the stomach.

Fernandez and Mira are the insured parties under an automobile insurance policy issued by State Farm. On October 9, 1981, Fernandez filed a claim for uninsured motorist benefits under the policy. Fernandez later demanded arbitration. State Farm denied the claim and refused to submit to arbitration. On April 27, 1983, State Farm brought this action for declaratory relief. On June 1, 1983, Fernandez and Mira filed a counterclaim for declaratory relief and money damages. On March 21, 1984, the district court granted a summary judgment in favor of State Farm, from which Fernandez appeals. 582 F.Supp. 1283 (D.Hawaii 1984). Mira did not file a notice of appeal and is therefore no longer a party to this action.

## II

## STANDARD OF REVIEW

We review the granting of a summary judgment de novo. *Haluapo v. Aka-*

*shi Kaiun, K.K.,* 748 F.2d 1363, 1364 (9th Cir.1984). The interpretation of a contract presents a mixed question of law and fact. *Marchese v. Shearson Hayden Stone, Inc.,* 734 F.2d 414, 417 (9th Cir.1984). The existence of an ambiguity must be determined as a matter of law. *United States v. Contra Costa County Water District,* 678 F.2d 90, 91 (9th Cir.1982). If an ambiguity exists, a question of fact is presented. *See Marchese,* 734 F.2d at 417. Under Hawaii law, ambiguities in insurance contracts are construed liberally in favor of the insured party. *Sturla, Inc. v. Fireman's Fund Insurance Co.,* 684 P.2d 960, 964 (Hawaii 1984).

## III

### ARBITRABILITY

The policy at issue in this case contains two relevant clauses. The uninsured motorist coverage clause provides, in pertinent part:

> [F]or the purposes of this coverage, determination as to whether the insured or [his] representative is legally entitled to recover ... damages [from the uninsured motorist], and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

(emphasis omitted). A separate clause provides:

> If any person making claim under [the uninsured motorist coverage] and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, then each party shall, upon written demand of either, [submit to arbitration].... The arbitrators shall then hear and determine the question or questions so in dispute....

(emphasis omitted). State Farm does not dispute Fernandez's right to recover damages from White or the amount of such damages. Instead, State Farm based its refusal to compensate Fernandez on the ground that the policy does not cover Fernandez's injury.

■ Fernandez claims that the insurance policy gives him the right to demand arbitration of the coverage issues. We disagree. The policy clearly and unambiguously limits the scope of arbitration to determining (1) the amount of damages, and (2) whether the insured party has the right to recover from the uninsured motorist. *See, e.g., Allstate Insurance Co. v. Cook,* 21 Ariz.App. 313, 519 P.2d 66, 68 (1974). Fernandez cites numerous cases in which coverage issues have been arbitrated. *See* Annot., 29 A.L.R.3d 328 (1970). Some of those cases involved situations in which coverage issues were intertwined with issues relating to the right of the insured party to recover from the uninsured motorist. *E.g., Employers' Fire Insurance Co. v. Garney,* 348 Mass. 627, 205 N.E.2d 8, 12 (1965). Other cases in that group turned on vaguer arbitration clauses. *E.g., Fawver v. Allstate Insurance Co.,* 267 Or. 292, 516 P.2d 743, 745 (1973). In some states, the right to arbitration on coverage issues is mandated by statute. *See, e.g., Orpustan v. State Farm Mutual Automobile Insurance Co.,* 7 Cal.3d 988, 991–92, 500 P.2d 1119, 1121, 103 Cal.Rptr. 919, 921 (1972). Those factors are absent in this case. Instead, we are presented with a simple question of contract interpretation. We hold that the coverage issue presented in this case is not arbitrable under the terms of the policy.

## IV

### COVERAGE

■ The policy obligates State Farm "[t]o pay all sums which the insured ... shall be legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle." Fernandez argues that he is entitled to recover under that provision. The issue before us is whether Fernandez's injury arose out of a use of the uninsured vehicle.

Initially, Fernandez argues that the uninsured motorist was "alighting" from the vehicle when he stabbed Fernandez. Even if alighting from a vehicle is a "use" of the vehicle, Fernandez's injuries did not arise out of that use. The term "arising out of" requires at least a "minimal casual connection" between the use of the vehicle and the injury. *National American Insurance Co. v. Insurance Co. of North America*, 74 Cal.App.3d 565, 571, 140 Cal.Rptr. 828, 831 (1977). The "alighting" of the uninsured motorist from his vehicle and Fernandez's injury are connected only in a chronological sense.

Fernandez also argues that his injuries arose out of the use of the uninsured vehicle's headlights. We disagree. The cases have uniformly held that an intervening intentional act breaks the causal connection between the use of an uninsured vehicle and an injury. *See* Annot., 15 A.L. R.4th 10, 42–48, 81–86 (1982). Fernandez cites several cases for the proposition that intentional acts involving an uninsured vehicle arise out of the use of the vehicle. Those cases are distinguishable because they involve either use of the uninsured vehicle in inflicting the injury or tortious acts committed by drivers against passengers. *See, e.g., Fidelity & Casualty Co. v. Lott*, 273 F.2d 500, 502 (5th Cir.1960) (applying Texas law); *American Casualty Co. v. Southern Stages, Inc.*, 70 Ga.App. 22, 27 S.E.2d 227 (1943). Moreover, *Lott* and *Southern Stages* involved negligent infliction of harm, not intentional torts. In this case, the intervening tortious act by White broke the chain of causation between the use of the headlights and the stabbing wound.

In sum, we hold that the use of the uninsured vehicle was not minimally causally connected to Fernandez's injuries.

## V

### CONCLUSION

The judgment of the district court is AFFIRMED.