[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The factual basis for the dispute before the court began with a fatal accident which occurred on March 21, 1988 when the defendant's decedent was killed in a vehicular accident which occurred in Connecticut. The tortfeasor responsible for the death of the defendant's decedent had a single limit insurance policy in the amount of $300,000 which policy was paid in full. The decedent was insured under other policies of insurance for the purpose of underinsured motorist protection with coverage in the aggregate of $1,000,000. The plaintiff New Hampshire Insurance Company was the company which had provided the policies with $1,000,000 of coverage.
By stipulation of the parties, the court is able to CT Page 4680 determine that proper demand for arbitration in accordance with the provisions of the policy was made, and that arbitration resulted in a decision that the fair just and reasonable damages to the estate of the defendant's decedent was $1,000,000. The arbitrators further found that an offset was appropriate and reduced the $1,000,000 award by the $300,000 previously paid for a net award of $700,000 which the arbitrators ordered paid by the plaintiff New Hampshire Insurance Company to the defendant estate of Phyllis Parkin and James H. Parkin, administrator.
As the parties have stipulated, the arbitration clause in the relevant insurance policy reads as follows:
ARBITRATION
 A. If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within thirty days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
 B. Unless both parties agree otherwise arbitration will take place in the county in which the insured lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.
The plaintiff concedes that coverage is not at issue and claims, in reality, nothing more than the allegation that the damage award is too high. Plaintiff raises "claims of law" that the award failed to differentiate between economic and non-economic damages and that it fails to differentiate between past and future damages; that the award is legally improper in that it is based on the total coverage available rather than based upon the fair just and reasonable damages assessed to the estate; the award of damages to the estate is legally improper, in that it exceeds as a matter of law, air just and reasonable damages, based upon the nature of the injuries suffered to the estate; and that the arbitrators made an error of law in permitting certain evidence concerning the economic CT Page 4681 value of household services to be introduced at the arbitration hearing. Plaintiff goes on to claim a "factual dispute" based on a disagreement with the finding that the fair just and reasonable damages to the estate are in the sum of $1,000,000 based upon the evidence presented to the arbitration panel. The court finds that all of these claimed areas of dispute are nothing more than a fact-based claim that the plaintiff New Hampshire Insurance Co. disagrees with the amount of damages awarded by the arbitrators, and wishes to have a new evidentiary hearing.
Plaintiff's application is styled as a motion to vacate an arbitration award, but also includes an "application for de novo review". Defendant has filed a motion to confirm the arbitration award.
The parties have stipulated that no transcript of the proceedings before the arbitrators was made, and there is therefore no record of the proceedings. The parties have further stipulated, as indicated above, that coverage is not in any way in dispute, either now or before the arbitration panel.
As starting point, the court must determine the proper scope of review. To do so, it must first determine whether it is reviewing an object of voluntary arbitration or mandatory arbitration. American Universal Ins. Co. v. Delgreco, 205 Conn. 178, 530 A.2d 171 (1989).
Typically, arbitration is a creature of contract. The language of the contract controls both what disputes will be arbitrated and what issues are arbitratable. Emcon Corp v. Pegnataro, 212 Conn. 587, 523, 562 A.2d 521 (1989); A. Sangivanni Sons v. F.M. Floryan Co., 158 Conn. 467,262 A.2d 159 (1969); Gary Excavating, Inc. v. North Haven,164 Conn. 119, 122, 318 A.2d 125 (1972)). When parties agree that a decision will be rendered by an arbitrator, they are presumed to have assumed the risks of and waived objections to that decision. DelGreco, supra, at 187.
The concept of the contract controlling the arbitration was adopted in the context of Uninsured Motorist coverage. Frager v. Pennsylvania General Ins. Co., 155 Conn. 270,231 A.2d 531 (1967). In 1971, however, the legislature amended Connecticut General Statutes Sec. 38-175c to read, in pertinent part,
 Every policy (providing uninsured motorist insurance) which contains a provision or binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. CT Page 4682
The amendment of Sec. 38-175c restricts contractual control of arbitration to the extent that any policy with an arbitration clause must also provide that disputes arising over issues of coverage be arbitrated.
Our Supreme Court in Wilson v. Security Ins. Group,199 Conn. 618, 509 A.2d 467 (1986) construed General Statutes Sec. 38-175c as making arbitration of insurance coverage issues compulsory. One party in Wilson had argued that since the insurance company had the choice of whether or not to include an arbitration provision at all, it could avoid arbitration of coverage issues by simply omitting the arbitration clause altogether. The Wilson court held that legislative interference with contractual freedom such as found in Sec. 38-175c so restricted the parties' choices that the arbitration of coverage issues would be deemed compulsory rather than voluntary. Wilson at 626.
General Statutes Sec. 38-175c compels arbitration only for issues of coverage. It is noteworthy that our courts have not found that any other issues which, when disputed, are compelled to be arbitrated. DelGreco, supra, Wilson, supra, Connecticut Indemnity Co. v. Helen Palladino, 16 Conn. Law Trib. 23 (Sup.Ct. Hartford-New Britain, Doc. No. 89-700486) (Freed, J.). Therefore, this court concludes that the disputed issue of damages in this case, unlike the disputed issue of coverage in Palladino, were voluntarily arbitrated, and thus the parties have consented to the risks of and waived objections to an arbitrated decision on the issue of damages.
The scope of judicial review for voluntary arbitration is limited to an examination of the submission and the award to determine if the award conforms to the submission. The court will determine that an arbitration panel has exceeded its authority only when the award does not conform to the submission. DelGreco at 186, (and cases cited). Under a voluntary, or unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. Id.
The plaintiff attaches to its Application to Vacate Arbitration Award an Application for De Novo Review. Without further articulation as to just what a request for De Novo Review entails, however, it is obviously a request for a broader scope of review than discussed above.
In passing, the court notes that the unqualified use of the phrase "de novo review" carries many meanings. These CT Page 4683 meanings include, but are not limited to, a judicial review of the applicable law, Motor Vehicle Manufacturers Assn. of the U.S. v. O'Neil, 212 Conn. 83, 95, 561 A.2d 917 (1989); a trial court review of law and facts, Est. of Cohn v. Aetna Ins. Co.,213 Conn. 525, 528, 569 A.2d 541 (1989); a trial court evaluation of the facts in an administrative record, Huck v. Inland Wetlands, 203 Conn. 525, 541, 525 A.2d 940 (1987); and de novo hearing in a child custody case, Masters v. Masters,201 Conn. 50, 68, 513 A.2d 104 (1986). The court will proceed on the assumption that since the plaintiff cites Palladino that the plaintiff's meaning will be found in that case.
This court agrees with the analysis of de novo review set forth by the court in Palladino. The court in that case opined that a de novo review, in the context of compulsory arbitration and absent a transcript or stipulation of facts, would require an evidentiary hearing. At issue in Palladino was whether a claimant was a "resident" of the insured household, and thus the court provided a de novo review of this coverage question, albeit by a review of the transcript which was available in that case.
In the context of voluntary arbitration, however, a request for a new evidentiary hearing on the issue of damages is nothing more than a naked attempt to circumvent the arbitration process. To hold that new evidentiary hearings on the amount of damages could be requested after all arbitration proceedings in uninsured motorist cases would undermine the arbitration process, making such hearings a perfunctory formality. This arbitration decision will be reviewed on the existing record.
As an alternative grounds for its decision, the court notes that it is possible to read DelGreco as holding only that a de novo review is required "of the interpretation and application of the law by the arbitrators" (id, at 191). If the statement that "something more is required" in DelGreco (Id at 191) applies only to issues of law, then plaintiff still is entitled only to a "traditional" review, and not a review "de novo."
Under either approach, this court declines to hold that whenever a party to an uninsured motorist arbitration is dissatisfied with the monetary award, that party is entitled to a de novo evidentiary hearing.
Applying the scope of judicial review applicable for voluntary arbitration to the facts at hand, the court concluded that the arbitrators' decision that the defendant's damages were equal to $1,000,000.00 is clearly not outside the CT Page 4684 submission of the question of the total of the defendant's damages. Plaintiff does not contest the $300,000 setoff which is also part of the award.
The plaintiff's Application to Vacate Arbitration Award is denied. The plaintiff's Application for De Novo Review is denied. Defendant's motion to confirm the award of the arbitrators is granted.
KOLETSKY, J.