[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO COMPEL ARBITRATION
On June 23, 1990, the plaintiff was operating her vehicle on a public highway in East Haven when it was struck by an underinsured motorist. She seeks arbitration for her alleged injuries, attempting to recover from the defendant which issued a policy to a motor vehicle dealer, Branford Motors, Inc. Though the plaintiff had her own insurance and was operating her own vehicle, she is proceeding against this defendant because she was driving with dealer's plates belonging to Branford Motors and this defendant insured Branford Motors. The accident occurred one day after her permission to use the plates expired.
The defendant objects to arbitration, arguing that the defendant's policy covers only vehicles owned by the dealer and under the policy terms the plaintiff is not an insured. The policy does contain an arbitration clause.
The court is inclined to agree with the defendant and doubts the plaintiff is entitled to coverage under the defendant's policy. However, our Supreme Court has taken the position that where there is a binding arbitration clause, Sec. 38-175c requires the arbitration process. Gaudet v. Safeco Ins. Co., 219 Conn. 391, 394
(1991).
As in this case, the defendant Gaudet argued that the plaintiff was a "stranger to the contract" and therefore the issue of coverage was not subject to arbitration. Id., at 396. The court concluded:
 ". . . Were every third parry claimant seeking uninsured motorist coverage required to prove first that he ultimately would be entitled to receive the coverage sought in order to compel arbitration of his claim, he would have little left to arbitrate. Such a circular approach to § 38-175c frustrates the legislative intent to CT Page 6962 vest primary jurisdiction of coverage issues in the arbitrator in order `to avoid the institutional difficulty perceived by the court in Frager [v. Pennsylvania General Ins. Co., 155 Conn. 270, 231 A.2d 531 (1967)], namely, clogging the courts with piecemeal litigation, and leveling the procedural playing field by guarding against the possibility of insurers unfairly using their superior economic resources to delay the final resolution of claims by their insureds.' Chmielewski v. Aetna Casualty Surety Co., supra, 658."
Id., at 398.
The defendant's objection is overruled and the defendant is ordered to proceed with arbitration of the plaintiff's claim.