**Kenneth J. MOORE; Patricia T. Moore, Plaintiffs,**

v.

**FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY, Defendant.**

**No. CV–13–01815–PHX–NVW.**

United States District Court, D. Arizona.

Jan. 21, 2014.

John R. Cunningham, Christopher Reed Stovall, Jennings Haug & Cunningham LLP, Phoenix, AZ, for Plaintiffs.

Garrett James Olexa, Kerry A. Hodges, Jennings Strouss & Salmon PLC, Phoenix, AZ, for Defendant.

## ORDER

NEIL V. WAKE, District Judge.

Before the Court are Defendant Farm Bureau Property & Casualty Insurance Company's Motion to Stay All Non–Declaratory Judgment Claims (Doc. 10) and Plaintiffs Kenneth J. Moore and Patricia T. Moore's Motion to Compel Arbitration and Stay Litigation (Doc. 17). The Court heard oral argument on December 16, 2013, and ordered further briefing. Having benefited from oral advocacy and considered the briefs, Plaintiffs' Motion to Compel Arbitration will be granted.

Plaintiff Kenneth Moore purchased an insurance policy from Defendant Farm Bureau. The policy includes an Underinsured Motor Vehicle Coverage (UIM) module. The UIM module includes an arbitration clause. The policy also includes an Umbrella Coverage Section to augment and extend the limits of the underlying coverage.

In June 2011, Moore was injured in a car accident. The insurance company for the at-fault driver paid $30,000 (its liability limit) to Moore. Farm Bureau then paid the $250,000 single injury limit under Moore's UIM module. Moore demanded payment from the umbrella coverage and selected an arbitrator in case Farm Bureau challenged or denied recovery or the amount Moore demanded under the policy. Farm Bureau declined to select an arbitrator and determined that the umbrella provision clearly did not augment the Moore's UIM benefits. Moore filed the instant action seeking declaratory relief and recovery for breach of contract and bad faith.

Farm Bureau filed the first of the motions presently before the Court, which sought to stay Moore's claims for breach of contract and bad faith pending resolution of whether the umbrella policy extends to Moore's excess damages under the UIM module. Farm Bureau asserts that this Court must decide the threshold issue of coverage before anyone—the Court or a panel of arbitrators—determines whether Farm Bureau's actions constitute breach of contract or bad faith.

Moore then moved to stay the litigation and compel arbitration, asserting that in contrast to Farm Bureau's contention, the arbitration agreement expressly covers disputes about whether a policyholder is legally entitled to UIM benefits, including "follow-form" umbrella coverage, and thus that an arbitration panel rather than the Court must determine whether the umbrella policy extends to the UIM module.

Both parties' motions essentially collapse into a single, threshold question: Does the arbitration clause extend to disputes over whether the umbrella policy

augments Moore's UIM benefits, or alternatively, should the Court make this initial coverage determination?

The arbitration provision within the UIM module includes the following relevant language:

**Arbitration**

A. If we and an "insured" do not agree:

1. Whether an injured "person" is legally entitled to recover damages under this coverage; or

2. As to the amount of damages

Either party may make a written demand for arbitration.

Doc. 31–1 at 55.

Importantly, this differs from another industry-standard arbitration policy commonly found in UIM modules, which refers for arbitration the more specific question whether the insured is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured. *See, e.g., Transamerica Ins. Co. v. Doe*, 173 Ariz. 112, 113, 840 P.2d 288, 289 (Ct.App.1992); *Allstate Ins. Co. v. Cook*, 21 Ariz.App. 313, 314, 519 P.2d 66, 67 (1974).

The distinction between Farm Bureau's broad provision and the narrower provisions found in *Transamerica* and *Cook* is material, as one commentator has documented:

There are narrow and broad variations of and from the so-called standard UM arbitration clause; the broad type refers to a disagreement between the insured and the UM insurer as [to] the right of the insured to recover damages, not just from the tortfeasor but under the UM provisions of the policy, and the narrow type of clause states that in the event of a disagreement between the insured and the UM insurer as to whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle, or if they do not agree as to the amount of damages, then either party may make a written demand for arbitration. The narrow type of UM arbitration clause is confined to the issues of the liability of the alleged tortfeasor and the extent of damages of the insured; the broad type also includes coverage issues.

Randy J. Sutton, *What Issues Are Arbitrable Under Arbitration Provisions of Uninsured and Underinsured Motorist Insurance*, 103 A.L.R. 5th 1, § 2[b] (2002).

Similarly, the Ninth Circuit has held that a coverage issue was not arbitrable under a policy that included substantively narrow language while distinguishing it from cases interpreting "vaguer arbitration clauses." *State Farm Mut. Auto. Ins. Co. v. Fernandez*, 767 F.2d 1299, 1301 (9th Cir.1985). In *Fernandez*, the court analogized to *Cook* when interpreting the phrase "legally entitled to recover ... damages [from the uninsured motorist]" and distinguished an Oregon Supreme Court case construing the broader arbitration language "legally entitled to recover damages." *Id.* (citing *Fawver v. Allstate Ins. Co.*, 267 Or. 292, 294, 516 P.2d 743, 744 (1973)) (alteration in original).

Consequently, Farm Bureau's reliance on cases that include the narrower language is misplaced. Here, one asserted reading of the contract is that the umbrella policy applies to the UIM module. Because the broad arbitration provision does not include limiting language, disputes about the interaction between the umbrella policy and the UIM module are arbitrable because they implicate the Moores' right to recover damages under the latter. If Farm Bureau wanted to arbitrate only the narrower issues of whether and to what extent Moore could recover from an unin-

sured motorist, it could have said so straight out in the policy language.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Arbitration and Stay Litigation (Doc. 17) is granted.

IT IS FURTHER ORDERED that Defendant's Motion to Stay All Non–Declaratory Judgment Claims (Doc. 10) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Expedited Motion for Leave to File a Reply to Farm Bureau's Response Memorandum Addressing Issues Relating to the Policy Language (Doc. 35) is denied.