GEORGE MCKENNA, EXECUTOR (ESTATE OF MARGARET GALVIN) *v.* SHEARSON LEHMAN HUTTON, INC.
(9707)

DALY, FOTI and LANDAU, Js.

Argued April 30—decision released June 25, 1991

*Frank N. Eppinger,* with whom, on the brief, was *Shelley M. Weiss,* for the appellant (plaintiff).

*Kevin McCann,* for the appellee (defendant).

DALY, J. The plaintiff appeals from the trial court's denial of an application for an order to direct the taking of a deposition in an arbitration proceeding. The plaintiff has filed a complaint for the mismanagement of the deceased's account against the defendant and has submitted the matter, as required by a prior agreement between the deceased and the defendant, to the department of arbitration of the New York Stock Exchange, Inc. (arbitration department). The plaintiff seeks to depose the deceased's broker, Fred C. Leonard, who managed the deceased's account as part of his duties while employed with the defendant. The defendant refused to allow the taking of Leonard's deposition and the plaintiff has sought an order to direct the taking of the deposition pursuant to General Statutes § 52-412.[1]

---

[1] General Statutes § 52-412 provides: "(a) Any arbitrator or umpire and any other persons qualified by law to issue subpoenas in civil actions shall have power to issue subpoenas for the attendance of witnesses and for the production of books, papers and other evidence at arbitration hearings. The

The trial court denied the plaintiff's application on several grounds. First, the parties agreed to proceed according to the rules of the arbitration department, which do not provide for discovery depositions. Second, § 52-142 (c) does not authorize the taking of discovery depositions, but only evidentiary depositions. The plaintiff failed to show that Leonard would not be available to testify at the arbitration proceeding and did not establish that the deposition was "for use as evidence in an arbitration." Considering the policies favoring alternative dispute resolutions and the plaintiff's failure to offer any compelling reason for taking Leonard's deposition, we conclude that the trial court properly exercised its discretion to deny the application.[2]

The parties have voluntarily bound themselves to arbitration according to the rules and procedures of the arbitration department. Because Leonard is a member of the New York Stock Exchange, Inc., he may be compelled to appear and testify in this dispute.[3] The arbi-

subpoenas shall be served in the manner provided by law for the service of subpoenas in a civil action and shall be returnable to the arbitrator or arbitrators or umpire.

"(b) On application of an arbitrator, umpire or other person, the superior court for the judicial district in which one of the parties resides or, in the case of land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall order necessary process to issue to compel compliance with subpoenas in an arbitration matter in the manner provided by law concerning subpoenas in a civil action.

"(c) Any party to a written agreement for arbitration may make application to the superior court, or, when the court is not in session, to a judge thereof, having jurisdiction as provided in subsection (b), for an order directing the taking of depositions, in the manner and for the reasons prescribed by law for taking depositions to be used in a civil action, *for use as evidence in an arbitration.*" (Emphasis added.)

[2] The trial court also stated that General Statutes § 52-148a allowed a court to exercise discretion in deciding whether to order depositions in civil matters. Although this position may have some merit, we need not decide this issue to reach our decision in this case.

[3] Rule 619 (g) of the arbitration procedures of the New York Stock Exchange, Inc., empowers the arbitrators to compel the appearance of any

tration department procedures do not, however, provide for discovery depositions. In agreeing to proceed according to arbitration and the arbitration department rules, the parties have limited their access to the full panoply of procedures available in ordinary litigation. Thus, the parties are bound to this limitation by their agreement. See *Visselli* v. *American Fidelity Co.,* 155 Conn. 622, 625, 237 A.2d 561 (1967).

If an agreement for arbitration lacks any special provisions for the conduct of proceedings then resort may be had to the applicable provisions of General Statutes §§ 52-408 through 52-424. See *Marsala* v. *Valve Corporation of America,* 157 Conn. 362, 254 A.2d 469 (1969). If we assume, as the plaintiff argues, that the arbitration department's omission of provisions relating to depositions would permit a party to resort to § 52-412 (c), the deposition would nonetheless be limited for "use as evidence in an arbitration." The trial court specifically found that the plaintiff had not shown that Leonard was unavailable for the arbitration proceedings, and therefore the deposition request was purely for discovery purposes.

In denying the plaintiff's application, the trial court exercised its sound discretion, in accord with this state's public policy, favoring arbitration so as to avoid the formalities, delay, expense and vexation of ordinary litigation. See *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 107, 438 A.2d 1171 (1981).

The judgment is affirmed.

In this opinion the other judges concurred.

---

person employed or associated with any member or member organization of the New York Stock Exchange, Inc.