[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION ON APPLICATIONS FOR COMMISSIONS TO TAKE OUT-OF-STATE DEPOSITIONS FOR USE AS EVIDENCE IN ARBITRATION PROCEEDING
The plaintiff, Redding Life Care, LLC ("Redding"), has applied to this Court under General Statutes § 52-412 (c) for the issuance of commissions to take out-of-state depositions of three individuals — Keith B. Morse of Colorado, Ralph J. Viglietti of New Jersey, and Glenn Kurth of Massachusetts. Its claimed purpose for so doing is to preserve the proposed deponents' testimony for later use as evidence in a currently pending arbitration proceeding entitled Inthe Matter of Redding Life Care, LLC and Sordoni Skanaka ConstructionCo., AAA Case No. 12 1100110 99.
Redding's three applications were attached to and made parts of a Complaint dated May 7, 2001, which was duly served upon defendant Sordoni Skanska Construction Company ("Sordoni"), its opponent in the pending arbitration, then returned to the Superior Court for the Judicial District of Stamford-Norwalk at Stamford. Thereafter, the case was transferred, by agreement of counsel, to the Complex Litigation Docket in the Judicial District of Waterbury, where it was argued on July 23, 2001. By this Memorandum of Decision, the Court hereby ORDERS that the plaintiff's applications as to Keith B. Morse and Ralph J. Viglietti be GRANTED IN PART, but that its application as to Glenn Kurth be DENTED IN ITS ENTIRETY.
 I
General Statutes § 52-412 (c) provides as follows:
 (c) Any party to a written agreement for arbitration may make application to the Superior Court, or, when the court is not in session, to a judge thereof, having jurisdiction as provided in subsection (b), for an order directing the taking of depositions, in the manner and CT Page 11867 for the reasons prescribed by law for taking depositions to be used in a civil action, for use as evidence in an arbitration.
To obtain relief under this statute, an applicant must establish: (1) that it is a party to a written arbitration agreement; (2) that it wishes to take one or more depositions to preserve testimony for later use as evidence in an arbitration proceeding under that agreement; and (3) that its reasons for seeking to preserve such testimony are such as would justify the taking of an evidentiary deposition in a civil action.
Redding and Sordoni agree that they both are parties to a written arbitration agreement, and that under that agreement they are currently parties to a pending arbitration proceeding. The agreement is part of a written Construction Management Agreement ("CMA") between Redding, as Owner, and Sordoni, as Construction Manager, for the construction of a life care facility in Redding, Connecticut known as Meadow Ridge (the "Project"). The pending arbitration concerns a series of disputes. between Redding and Sordoni as to conduct by each which allegedly violated the contractual rights of the other under the CMA. Redding claims, inter alia, that Sordoni wrongfully terminated the CMA in June 2000, stopped all work on the Project at that time, and later threatened its subcontractors and suppliers to intimidate them and prevent them from returning to work on the Project following termination. Sordoni, in turn, claims that the termination was fully justified by Redding's own conduct, including: interfering with and delaying Sordoni's work on the Project; failing to timely review requests for changes and to negotiate change orders; failing to issue, process and pay change orders; failing to pay the cost of the work; failing to make payments of sums due and owing for which the Project Architect had certified payment; failing to incorporate value engineering and automatic savings into the Project; and failing and refusing to grant appropriate extensions of time.
Redding and Sordoni further agree, or at least do not dispute, that each of the persons Redding now seeks to depose is an out-of-state resident who, because of his non-residency, could properly be deposed to preserve his relevant testimony for later use as evidence in a civil trial. The classic justification for taking an evidentiary deposition of a potential witness is the witness' likely unavailability to appear or testify at trial. Out-of-state residents are typically unavailable to appear or testify at trial because they are beyond the reach of a Connecticut subpoena. Accordingly, Section 13-31 (a)(4) of the Connecticut Practice Book expressly provides that "[t]he deposition of a witness . . . may be used by any party for any purpose if the judicial authority finds: . . . (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena[.]" CT Page 11868
Against this background, the only issue that divides these parties as to Redding's three applications for commissions to take out-of-state depositions is whether Redding's true purpose for taking such depositions is to preserve the deponents' testimony for use as evidence in the arbitration. Insisting that that is indeed its purpose, Redding has sought to demonstrate that each proposed deponent has special knowledge about matters at issue before the arbitrators, and thus that all should be deposed to preserve their testimony for later use as evidence in the arbitration. Sordoni responds that Redding's true purpose is not to preserve the deponents' testimony, but rather to obtain broad discovery not permitted by the arbitrators, and otherwise to disrupt, and ultimately to undermine, the arbitration. The deponents' proposed testimony, it argues, would merely be cumulative of other witnesses' testimony; many of the documents sought to be produced at their depositions bear no relation to the only testimony they might legitimately be asked to give for later use as evidence in the arbitration; and the sheer number and timing of the proposed depositions — eighteen (18) in total,[1] all to be conducted in the middle of Sordoni's case-in-chief before the arbitrators — suggests the purpose of frustrating Sordoni's right to a fair, efficient arbitration proceeding.
For the following reasons, the Court agrees with Redding that two of its proposed deponents, Keith B. Morse and Ralph J. Viglietti, have special knowledge of matters in dispute before the arbitrators, and thus that their testimony about those matters should be preserved by deposition for use as evidence in the arbitration. On the other hand, the Court agrees with Sordoni that there is no comparable statutory justification either for ordering an evidentiary deposition of proposed deponent Glenn Kurth or for requiring compliance by Mr. Morse or Mr. Viglietti with the overbroad requests for production of documents which Redding has attached to their proposed notices of deposition. Accordingly, the Court concludes that Mr. Kurth should not be deposed at all, and that Messrs. Morse and Viglietti need not produce any documents at their respective depositions without further order of this Court.
 II
Proposed deponent Keith B. Morse was Sordoni's lead estimator on the Project from March 1998, when the Project was bid, until April 1999, just two months before developing problems between Redding and Sordoni led to an initial five-week work stoppage by Sordoni. As a person who helped prepare Sordoni's bid on the Project, participated in subcontractor buyouts after the bid was awarded, and coordinated and reconciled value engineering and automatic savings for the Project, Mr. Morse has special CT Page 11869 knowledge concerning Project design, Project Scheduling, the schedule of expected payments from Redding to Sordoni for work on the Project, and the impact, if any, of Redding's alleged breaches of contractual duties on Project scheduling and overall Project cost. The Court agrees with Redding that Mr. Morse's testimony on these subjects should be preserved by deposition for later use as evidence in the arbitration.
Ralph J. Viglietti, who performed accounting functions for Sordoni at its main office in Parsippany, New Jersey, regularly came to the jobsite in Redding, Connecticut to review monthly requisitions from the lender's consultant. Mr. Viglietti was responsible for finalizing Sordoni's monthly requisitions and for maintaining Sordoni's cost reports. Because of these duties, claims Redding, Mr. Viglietti has important information concerning the timely making of Project payments by Redding to Sordoni and the impacts on Project costs and scheduling of Redding's alleged failures to cooperate with Sordoni by not granting extensions of time, not negotiating charge orders, and not ensuring that value engineering was incorporated into the Project. If such problems in fact existed, Mr. Viglietti would naturally have been in a position to learn about them first-hand. The Court thus agrees with Redding that he too is a person with special knowledge of the matters in dispute before the arbitrators, and thus one whose testimony should be preserved for use as evidence in the arbitration.
Glenn Kurth, unlike Messrs. Morse and Viglietti, has already testified in the arbitration. Mr. Kurth's prior testimony pertained to: the networking of Sordoni's on-site Project computers with its home office computers in New Jersey; the production of copies of computer documents and historical data from Sordoni's computers; licensing and user agreement restrictions associated with Sordoni's computer programs, including Sordoni's Cost X, scheduling and Microsoft Office software; the automatic backup and recovery features of Sordoni's computer software; identifying all components of Sordoni's operating systems, software programs, hardware equipment and peripherals; and preserving all hard drives in Sordoni's possession until the conclusion of the arbitration.
Redding contends that a deposition of Mr. Kurth would enable it to preserve testimony as to the true contents of Sordoni's computer system at the time it terminated the parties' agreement and stopped working on the Project. Such testimony, it argues, is material to gaining access to documents that are relevant to the numerous issues and disputes in the pending arbitration[, because] Sordoni's claims are based on documents . . . that resided in [its] computers at the time [it] walked off the Project, [but] . . . to date Sordoni has not provided Redding with copies of all documents ordered by the arbitration panel. Redding has not received copies of all e-mails, documents from the Parsippany computers, CT Page 11870 schedules and other computer files necessary to defend Sordoni's claims." Kurth Application, p. 4.
Continuing, Redding claims that complete information about the contents of Sordoni's computer system at the time of termination is also "material to the termination case [because i]t has bearing on production of documents relevant to various issues, including but not limited to, Redding's failure to pay Sordoni according to the terms of the CMA, its refusal to grant extensions of contract time and impacts on the Project schedule and budget. Kurth can testify how copies and historical data of documents in Sordoni's on-site Project computer, can be produced to Redding. Kurth can also testify about Sordoni's software programs and the reports and or documents generated that substantiate Sordoni's claims, which are necessary for Redding to properly defend Sordoni's claims."Id.
So defended, Redding's proposed deposition of Glenn Kurth is plainly not for evidentiary purposes, but for purposes of discovery. By deposing Mr. Kurth, Redding admittedly hopes and intends to identify all documents that Sordoni should produce for its inspection under the arbitrators' discovery orders. If the arbitrators believe that such a course of action is necessary to ensure compliance with its orders, they can either require Sordoni to reproduce him for further questioning at the arbitration or order that he be deposed for discovery purposes, as Redding here requests. This Court, by contrast, can not order a discovery deposition of Mr. Kurth, for that would exceed its statutory authority under General Statutes § 52-412 (c). McKenna v. Shearson LehmanHutton, Inc., 25 Conn. App. 126, 128 (1991) (holding that Section 52-412
(c) "does not authorize the taking of discovery depositions.")
 III
Sordoni next objects, as previously noted, to the broad requests for production of documents which Redding has appended to all of its proposed notices of deposition to the three proposed deponents. Such broad requests, it claims initially, give clear evidence of Redding's intent to use these depositions for discovery purposes, for they far exceed in scope any evidentiary justification thus far advanced for the taking of the depositions.
On this score, Sordoni points particularly to Redding's initial request of each deponent that he produce at the deposition, "all documents [in his possession or control] related to or arising from the project known as Meadow Ridge." Such a request, contends Sordoni, "cannot be tailored for the introduction of evidence because [it] would include every document ever created in relation to the Project. The requests also CT Page 11871 encompass negotiation documents to which the panel has previously ruled that Redding is not entitled." Sordoni Opposition Memorandum, p. 13.
The Court agrees with Sordoni that Redding's proposed requests for documents are unjustifiably overbroad. In marked contrast to Redding's particularized descriptions of the relevant matters about which Messrs. Morse and Viglietti have knowledge and would testify, they suggest a purpose to obtain discovery rather than to preserve testimony for use as evidence in the arbitration. Moreover, if approved in the form submitted, they would subject Sordoni to broader document discovery than the arbitrators ordered in their ruling on discovery of June 5, 2001.
Faced with this inconsistency between Redding's particularized descriptions of anticipated testimony and its overbroad requests for the production of documents, the Court has three options: first, it could deny Redding's application as presented without prejudice for its right to resubmit them in properly tailored form; second, it could grant Redding's applications in modified form, entering its own limiting orders specifying which documents each deponent must produce at his deposition; or third, it could grant Redding's application without approving any of its overbroad document requests unless and until Redding resubmits such requests, in properly tailored form, for its approval. For the following reasons, the Court will take the final option.
Denying Redding's applications as presented, albeit without prejudice to resubmission, would deny Redding a benefit to which it is presently entitled: to depose Messrs. Morse and Viglietti without first gaining access to any relevant documents they may possess or control. If Redding wishes to pursue this course, there is no good reason why it should not be allowed to do so at this time, or as soon hereafter as the schedules of all counsel and the arbitrators make possible.[2]
If however, Redding does not wish to depose Mr. Morse or Mr. Viglietti without first gaining access to their relevant documents, Redding must first justify the production of such documents and obtain this Court's approval therefor.
On the record now before it, the Court has no basis for deciding which, if any, of the several documents listed in Redding's overbroad document requests are relevant to its deponents' expected testimony. Accordingly, it will refrain from entering any order limiting production of the requested documents at this time.
Instead, to ensure that both parties are fully heard on this subject, it will require Redding, if Redding wishes to obtain each such documents, to identify them with particularity and provide specific CT Page 11872 reasons why their production at the depositions in question is necessary to preserve the deponents' testimony for use as evidence in the arbitration. No request for documents may be served on Mr. Morse or Mr. Viglietti until the Court, with notice to and input from Sordoni, expressly approves it.
 IV
Finally, Sordoni argues that Redding's applications for commissions to take out-of-state depositions were made for the purpose of disrupting the pending arbitration because they were made contemporaneously with fifteen (15) similar applications, and all at a time when Sordoni was presenting its case-in-chief before the arbitrators. Though such arguments raise concerns that must be dealt with, they furnish no basis for denying Redding's applications.
First, each application for a commission to take an out-of-state deposition must rise or fall on its own merits. A court can not deny a lawful procedural remedy to a party merely because that party, with or without justification, has contemporaneously sought to exercise other procedural rights.
The preservation of testimony for later use as evidence, moreover, necessarily occurs before that testimony is sought to be introduced. It is therefore not surprising that Redding seeks to preserve such testimony now, even though it may not have occasion to introduce the testimony as evidence until several months have passed.
As for the large number of persons now sought to be deposed and the possible inconvenience of scheduling their depositions while Sordoni is preparing and presenting its case-in-chief, the Court is not unmindful of the difficulties encountered even by diligent counsel in handling many responsibilities at the same time. The Court's expectation here is that counsel will cooperate with one another to ensure that each side has a full and fair opportunity to prepare and present its case with care and efficiency. In the absence of such cooperation, the Court is confident that the arbitrators, in the exercise of their responsibility to ensure that justice is done between the parties, will make appropriate adjustments to the schedule of proceedings as fairness requires.
 ORDERS
For the foregoing reasons, the Court hereby ORDERS:
1. That plaintiff Redding's application for a commission to take an out-of-state deposition of Glenn Kurth for use as evidence in the pending CT Page 11873 Redding-Sordoni arbitration is DENIED IN ITS ENTIRETY;
2. That plaintiff Redding's applications for commissions to take out-of-state depositions of Keith B. Morse and Ralph J. Viglietti for use as evidence in the Redding-Sordoni arbitration are GRANTED, though Redding may not serve either witness with a request for production of documents without first obtaining this Court's approval of such request in the manner specified herein; and
3. That to obtain this Court's approval for serving Mr. Morse or Mr. Viglietti with a request for the production of documents, Redding must file and serve upon opposing counsel, not later than August 27, 2001, a separate request for each deponent, identifying with particularity each document sought to be produced by that deponent at his deposition, and giving specific reasons why production of that document is necessary to preserve the deponent's testimony for use as evidence in the arbitration.
IT IS SO ORDERED this 20th day of August, 2001.
By the Court (Sheldon, J.)
Brenda M. Hamilton Court Officer